Dewey, J.
Cantrall filed in the office of the clerk of the Probate Court of Warren county, during a session, an accounl against the administrators of Stewart, claiming a balance due him by the intestate of $532. He, at the same time, moved the Court that a “notice” issue to the administrators, inform *80 ing them that the claim was filed, and requiring them to show cause, in two days, why the same should not be allowed, or docketed for trial at the nest term of the Court, and further giving them to understand, that if they failed to appear the claim would be considered in their absence. The motion was allowed, and the notice issued directed to the sheriff, but it was served by Cantrall himself on one of the administrators, and returned “ not found ” as to the other. The administrator, on whom service had been made, was defaulted, and the cause ordered to stand for trial at the next term of the Court. At that term, the administrator moved the Court to dismiss the proceedings. The motion was overruled, and they were required to plead; whereupon they filed several pleas, which, at a subsequent term, led to issues of fact and of law. The Court, upon finding the issues of law for the claimant, rendei’ed judgment in his favour for the amount of his claim, without making any disposition of the issues of fact, without a jury of inquiry, and without evidence.
These proceedings, except the filing of the claim in the clerk’s office, are all wrong. There is nothing in the statute organizing Probate Courts, and defining the powers and duties of executors and administrators, &c., which requires the personal representative of a deceased person, against his consent, to appear and plead to a mere account, or statement of the demand of a creditor of the estate, filed in the clerk’s office or in the Probate Court. There is, indeed, a provision in that statute pointing out the manner in which a creditor shall file a statement of his demand in the clerk’s office, and give notice thereof, for the purpose of securing a priority over other claims of less dignity, or of insuring its final payment. R. Stat., 1838, p. 182. But the law does not ’^contemplate that a claim thus filed, shall stand for a declaration to which the administrator or executor shall be compelled to plead, or, on failure to do so, be liable to have a judgment rendered against'him by default. "We do not mean to say, that if the parties consent to consider such a statement as a cause of action sufficiently set out. they may not do so, and proceed *81 to a valid trial and final judgment. But, in the matter before us, there was no consent on the part of the administrators. 'And if there had been, the judgment rendered against them would still be erroneous, because it was rendered over the issues of fact, without a jury of inquiry, and without evidence.
B. A. Chandler, for the appellants.
B. C. Gregory, for the appellee.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.