MORGAN, Administrator *v.* SQUIER.

The mode prescribed by statute for filing claims against a decedent's estate—entering them upon the appearance docket, and afterwards, if necessary, upon the issue docket—is a mode of getting them into court to receive final adjudication, as in a suit at law.

Suit commenced *March* 28th, 1856, in the *Decatur* Common Pleas, against an administrator, upon a note due from the decedent. Answer, that on the 23d day of *January*, 1856, two days before the close of the *January* term of said Court, the claim which is the foundation of this suit was filed in said Court, and then and there placed upon the appearance docket; and that at the present term [*April*, 1856] of said Court, defendant had admitted and allowed the same upon said docket. Demurrer sustained. *Held*, that the answer showed a prior action pending for the same cause.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—*Squier* sued *Morgan*, administrator of *Lathrop*, deceased, in the *Decatur* Common Pleas, upon a note due from the deceased intestate. The suit was commenced on the 28th of *March*, 1856. *Morgan* answered, "that on the 23d day of *January*, 1856, and two days before the close of the *January* term, 1856, of said Court of Common Pleas, the claim, which is the foundation of this suit, was filed in said Court of Common Pleas, and was then and there placed upon the appearance docket, and that, at the present term of the Court he had admitted and allowed said claim upon said appearance docket, wherefore," &c.

*Tuesday, January 27, 1857.*

Demurrer to this answer sustained; and final judgment for the plaintiff on the note.

The Court of Common Pleas has exclusive jurisdiction of all matters relating to the settlement and distribution of the estates of decedents. 2 R. S. p. 17, s. 4.

It is made the duty of those having claims against such estates, unless the claims be certain judgments or mortgages, to file a statement of them in the office of the clerk of the court, within one year, &c. 2 R. S. p. 260, s. 62.

It is made the duty of the administrator to attend,

from term to term, and see to the allowance or defense of such claims. 2 R. S. p. 262, s. 68.

It is the duty of the clerk of the court to enter upon the appearance docket a list of all claims filed, which entry is made constructive notice, and all the notice that is necessary, of the pendency of such claims. Laws of 1855, p. 81, s. 1.

"Whenever any claim against the estate of any decedent shall have been filed and placed upon the appearance docket of such court, ten days before the first day of the ensuing term thereof, the executor or administrator of such estate shall admit or refuse to admit such claim, in writing, on the margin of such appearance docket opposite such claim. If such claim is not so admitted before the last day of said term, the same shall be transferred to the issue docket of such court, and shall stand for trial at the next term thereof, as other civil actions pending therein: provided," &c. Laws of 1855, p. 82, s. 2.

Turning back now to the answer, we find that the claim—being one that existed against the decedent in his lifetime—on which this suit is founded, was filed in the Court of Common Pleas before the commencement of this suit, for payment by the administrator; that it was filed ten days before the first day of the April term, but not before the first day of the preceding January term; and that before the last day of said April term, the claim was admitted on the appearance docket by the administrator; and the question is, does the answer show a prior action pending for the same cause? We think it does. We think the mode prescribed for filing claims, entering them upon the appearance, and afterwards, if necessary, upon the issue docket, &c., is a mode of getting them into court to receive final adjudication, as in a suit at law. We have so held in regard to claims filed with county boards, canal and railroad companies; and in *Gaston* v. *The Board, &c.,* 3 Ind. R. 497, where a claim had been filed with the county commissioners, disallowed, and no appeal taken,

it was held the judgment of the commissioners was a bar to a suit subsequently brought against the county for the same demand. See, also, 7 Ind. R. on p. 36.

We decide nothing here upon the question of cumulative remedies; for where such exist, they cannot be pursued upon a single security concurrently.

We have been cited to no statute expressly authorizing a suit in a case like the present; and we know of none.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded to be dismissed (1).

*J. S. Scobey* and *W. Cumback*, for the appellant.

*O. B. Hord*, for the appellee.

(1) The judgments in *Morgan* v, *Jones*, and *Morgan* v. *Sefton*, on appeal from the same Court, and involving the same question, were this day reversed with costs, and the causes remanded to be dismissed. Counsel the same as above.