May Term,
1858.

CRABB
v.
ATWOOD &
Co.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. A. Fay* and *N. Trusler*, for the appellants.

*B. F. Claypool*, for the appellees.

---

### CRABB, Administrator, *v.* ATWOOD & Co.

In a suit against an administrator upon a promissory note given by his decedent, the Court has not jurisdiction of the person of the defendant, unless he has had actual or constructive notice of the pendency of the proceedings against him.

If the clerk fail to present such claim to the administrator, according to § 65, 2 R. S. p. 261, and it be not spread upon the appearance-docket, according to § 66 *id.*, there is no notice.

The note filed in this case did not contain the names of *Atwood & Co.*, the payees; but, *held*, that it is a sufficient statement of the claim under the statute.

May Term,
1858.

CRABB
v.
ATWOOD &
Co.

APPEAL from *Bartholomew* Court of Common Pleas.

HANNA, J.—In *July*, 1851, the appellees filed in the office of the clerk of the Court of Common Pleas, a note, of which the following is a copy:

*Tuesday, June 1.*

" $653.68                    *Philadelphia, June* 20, 1850.

" Six months after date the subscriber, of *Columbus*, of the county of *Bartholomew*, state of *Indiana*, promises to pay to the order of *Atwood & Co.* six hundred and fifty-three dollars, 68 cents, value received, without defalcation, and without relief from any valuation or appraisement laws.            [Signed,]                    *S. Crabb.*

" Cr. on book, *June* 24, by cash,   - - - - -   $100
            "     "   by 5 per cent.   - - - -       5
                                                    ———
                                                    105."

At the *April* term (1853) of that Court, an entry was made on the appearance-docket of the Court in the following form:

" *Crabb, Strawder*, dec'd.   *John Crabb*, adm'r.   Note, $653.68."

The entry was not afterwards made or continued upon any of the dockets of said Court until the *January* term, 1854, when the following entry again appeared upon the docket, but which particular docket is not stated, to-wit:

" *Atwood & Co.* v. *John Crabb*, administrator of *Strawder Crabb*, dec'd."

Then follows an entry to the effect that the said *John* failing to appear and make defense, *Herod* and *Stansifer*, his attorneys, are called by courtesy, &c., and failing to appear, judgment [was rendered] for plaintiff.

Had the Court jurisdiction of the person of the defendant?

To give the Court jurisdiction, the administrator must

May Term,
1858.

CRABB
v.
ATWOOD &
Co.

have had actual or constructive notice of the pendency of the proceeding against him.  2 Ind. R. 174.

The record does not show actual, nor constructive notice, unless the facts above set forth amount to such notice, under our statutes.  The provisions of the statute bearing upon this question are contained in §§ 62, 65, 66, 2 R. S. p. 260.  In 1853, an attempt was made to amend these sections, but such amendment is unconstitutional.  6 Ind. R. 32.—5 *id.* 327.

By § 62, a succinct statement of the nature and amount of every claim of the character of this must be filed, &c. By § 65 it is made the duty of the clerk to make out a list of all claims filed against any estate, and at the next term of such Court thereafter, present the same to the executor, &c., when further proceedings shall be continued to the ensuing term of the Court, &c.  By § 66 it is provided that such list shall be spread upon the appearance-docket of the Court, and shall stand for trial at the second term after they are filed, whether such executor, &c., appear or not.

This is a mode of proceeding peculiar to our statute, and not known to our former practice, which required regular action, service of process, &c.  6 Blackf. 74.

The statute should be pursued with a reasonable degree of certainty.

In the case at bar, there is nothing appearing of record showing that the clerk performed his duty under § 65; the claim was not, under § 66, spread upon the appearance-docket at the term preceding; and indeed the manner in which it appeared upon the docket, at several terms before, was not a sufficient notice.  The form of docketing did not apprise the administrator in whose favor the claim was preferred.

The second point made is, that the note filed is not a " succinct statement," such as is required by § 62, because it does not contain the names of the payees.

We think for the purposes intended by this statute the note was a sufficient statement.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*W. Herod* and *S. Stansifer*, for the appellant.