*Orris Blake* and *L. H. Goodwin*, for the appellant.

May Term,
1861.

HUBBARD
v.
HUBBARD.

———————

HUBBARD and Others *v.* HUBBARD.

An executor can not by an entry on the appearance docket allow a claim in his own behalf against the estate of his testator, but, if he proceeds under the statute, his claim must pass upon the issue docket and be set down and tried as any other adversary proceeding.

In setting the case down for trial on the issue docket, there must be an adversary party named, either by the claimant, in his complaint, or by the Court.

Either party may claim a jury for the trial of the issues thus formed.

APPEAL from the *Jefferson* Common Pleas.

Monday,
May 27.

HANNA, J. — *Hubbard* the elder died testate, in *July*, 1858, leaving his two only sons his executors. At the date of his will, one of his sons resided in *Alabama*, and before the time of the testator's death was, unknown to him, dead. The other son, the appellee, in *August*, 1858, proved the will and took upon himself the duties of the trust, as sole executor. In *November*, 1858, before filing an inventory, or report, the executor presented to the Court a claim against the said decedent for over $2,500, which was, on the same day, allowed by the Court, without having been placed upon either the appearance or issue docket, and without any notice having been given to any one, or adversary proceedings instituted.

At the next term the appellants, the children and grand children of the deceased, and devisees under the will, appeared and filed a paper, verified by affidavit, in the form of a petition, reciting the above facts and averring that the claim was unjust, and had been allowed without their knowledge; that they did not at that time know of the death of the

testator, they being non-residents of *Indiana*, and praying that the allowance be set aside and that they might be permitted to defend.

The appellee demurred to the paper thus filed. The demurrer was objected to by the appellants, and a motion made by them, based upon the paper so by them filed, to set aside the allowance of said claim. The Court disregarded the demurrer, and set aside the allowance made at the previous term. This ruling is brought to our notice by a cross assignment of errors.

The appellee then filed an amended claim, caused it to be placed upon the appearance docket, and allowed it to himself. The Court, the record states, in its discretion, required further proof; and permitted the appellants to file an answer in denial, and the statute of limitations. Appellants thereupon demanded a jury to try the issues thus made. This was refused by the Court, who heard the evidence and rendered a written finding and conclusion: 1. That an executor may file his claim against the estate of his testator as other persons might. 2. That when filed he may admit it on the appearance docket. 3. That when so admitted the Court may allow it, or require evidence, in its discretion; and if further evidence is required, it goes to the Court, and not to a jury. The conclusion was, that the executor was allowed about $3,000, after disallowing two items of the account, by him allowed to himself, of near $1,200. Upon these rulings, findings and conclusions of the Court, errors are assigned by the appellants.

The section of the statute under which the executor was attempting to proceed, in the second instance, is as follows:

"Whenever any claim against the estate of any decedent shall have been filed and placed upon the appearance docket of such Court ten days before the first day of the ensuing term thereof, the executor or administrator of such estate shall admit, or refuse to admit, such claim, in writing, on the margin of such appearance docket opposite such claim. If such claim is not admitted before the last day of said term, the same shall be transferred to the issue docket of such Court, and shall stand for trial at the next term thereof, as other civil actions therein: *Provided*, That the Court may, in

its discretion, require further proof as to any claim, notwithstanding any executor or administrator may have admitted the claim in the manner provided in this section." Acts 1855, § 2, p. 81.

The section preceding the one quoted, provides that claims shall be filed by the clerk, and entered on the appearance docket, which shall be a sufficient notice to the executor, &c.

It is conceded by counsel, that we have no statute particularly pointing out the steps necessary to be taken by an executor to establish a claim held by him against a person of whose estate he is appointed executor, unless the statute above quoted governs his action. We can not think this statute applies to such a claim, at least to the full extent that it does to other claims against the estate; for the reason that it is the duty of the executor to appear and defend against claims, bring forward off-sets, &c. 2 R. S., § 68, p. 262. He defends for the heirs or devisees. *Nelson* v. *Hart*, 8 Ind. 296. It would be in violation of a plain principle of law in reference to parties, as well as plain common sense, to require him to act in the double capacity of sole plaintiff, urging his individual interest, and sole defendant, resisting himself, for others, perhaps infants; and at the same time expect him to act as efficiently and as honestly in the one character as in the other. It is manifest then that the executor can not allow his own claim, but that if he proceeds under this statute it must pass upon the issue docket, and be set down and tried as any other adversary case; unless the proceedings first taken by him were correct.

In setting the case down for trial, on the issue docket, there must be an adversary party named, either by the claimant in his complaint, or by the Court, and it is not necessary for us, here, to decide which. It is here that the reasoning in *Nelson* v. *Hart*, 8 Ind., does not apply. There the widow and heirs were held not to be proper parties, because they had a representative in the administrator, whose duty it was to defend their interest; but it was held, in the same case, that they had such interest as should be defended.

The Court below, in the case at bar, appears to have felt the force of these reasons, for the heirs were permitted to file

May Term,
1861.

HUBBARD
v.
HUBBARD.

an answer, and produce proof. But these were not all their rights. Their demand to have the issues formed tried by a jury, was refused. The statute quoted expressly provides that cases transferred, &c., shall stand for trial as other civil actions; and 2 R. S., § 188, p. 291, secures a jury trial in all cases of administration, &c., where there is an issue of fact, when requested by either party. Perhaps the same right is guaranteed by a higher law than the statute. Const. Ind., art. 1, § 20.

But it is insisted that if the proceedings, in the second instance, were erroneous, that it was in consequence of the action of the appellants in procuring the allowance first made to be set aside; and that the order of the Court first made was correct, or at least *prima facie* correct; and that the Court erred in setting aside said allowance without proof. 2 R. S., § 154, p. 284.

If the reasoning we have advanced is sound, then this position is not valid; for no adversary proceedings were instituted, no notice to any persons interested given, nor, so far as we are informed, was there any litigation in reference thereto. Upon this subject see the R. S. 1843, § 218, p. 526. The conclusion we have arrived at makes it unnecessary for us to determine a question which counsel have not made, and that is, whether the last quoted section of the statute is in force now.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for a new trial.

*S. C. Stevens* and *Harrington*, for the appellants.

*W. M. Dunn* and *A. W. Hendricks*, for the appellee.