GIFFORD *v.* BLACK.

VOLUNTARY ASSIGNMENT—CLAIMS AGAINST ASSIGNEE.—The pro-
ceedings for the collection of claims against the estates of decedents,
and of claims against the estates of voluntary assignors are so sim-
ilar, that, wherever the rules touching the former are applicable,
they should govern in relation to the latter, and the formation of
issues on such claims, either of law or fact.

APPEAL from the *Orange* Common Pleas.

HANNA, J.—Since the adoption of the statute of 1859, Acts
1859, p. 239, one *John W. Payne,* in pursuance of said statute,
made a voluntary assignment, in trust for the benefit of his
creditors, *Black* being the trustee. About a year afterwards,
the trustee having refused to allow one of the claims desig-
nated in the indenture, it was placed upon the issue docket,
and another creditor demurred thereto, which was sustained.
From this ruling the appeal· is prosecuted, by the creditor.

There does not appear to have been any formal complaint
filed in favor of the defeated claimant—the appellant. The
claim was a note executed by *Jonathan Payne, Joseph Cox,
William Johnson* and *Solomon Dill.*

There is an affidavit attached thereto, in which it is alleged
that *Payne & Cox,* as partners, borrowed money of the appel-
lant, and executed said note with *Johnson & Dill* as sureties;
"that afterwards said *Payne* and *John W. Payne* bought out
the interest of said *Cox,* and assumed the payment of said
note; and afterwards said *John W.* bought out the interest
of said *Jonathan,* and assumed to pay the said debt." It is
alleged that in each case said assumption was a part of the
consideration of the purchase. It is not averred whether the
assumption, or agreement to pay this debt, was in the first
place made by *John W.* with *Payne & Cox,* makers of said
note, or with the appellant, or with all parties interested.

There is an absence of like averments as to the second alleged arrangement.

The statute under which these proceedings were all had is so similar in its prominent features to those in reference to the settlement of decedent's estates, that it is apparent the same theory of proceeding in each case was intended so far as applicable. A bond and oath are exacted of an administrator, so of a trustee; property is to be appraised and sold by the former, and likewise by the latter; claims of creditors are filed to be allowed in each instance; if not allowed by the administrator they are then transferred to the issue docket of the Court for trial as other civil actions thereon; if not allowed by the trustee, or if another creditor objects to such allowance, the Court may order such case to stand for trial which shall be governed in all respects, by the rules regulating similar trials in the Circuit Court; an affidavit is filed with the claim against a decedant's estate to the effect that the same is justly due and wholly unpaid, and against a trustee that the claim is just and lawful, and no part for usurious interest, or if so, what part.

In adjudicating upon the statute in reference to decedent's estates, it has been held that filing a claim and placing it upon the appearance, and then upon the issue docket, is a mode of getting it into Court to receive final adjudication, as in a suit at law; and that such facts can be pleaded in bar of an action commenced upon the same claim; pending the determination of said proceedings. *Morgan* v. *Squire*, 8 Ind., 512. It has also been held that an executor can not allow a claim to himself for a debt due from the decedent, but must resort to adversary proceedings. *Hubbard* v. *Hubbard*, 16 Ind. 27.

These cases appear to settle the principle, as to proceedings on claims against decedent's estates, that the filing of a claim in pursuance of the statute, is the initiation, or perhaps the

Gifford *v.* Black.

preliminary step towards the initiation, of a regular suit; and that in such suit there must be adversary parties, that the merits may be developed.

If this is correct, then it would appear to follow that to direct, limit and confine the evidence and investigation to the real points in dispute, such points should be sharply presented; that is, issues should be made at some time prior to the period at which the evidence is heard. This can only be done by the pleadings. Of course such pleadings should substantially correspond with the rules upon that subject, which may prevail in regard to the system that may be in force at the time. This must be correct, in view of the fact that such controversies are to be tried as other civil actions.

The substantial similarity of these statutes, in reference to the settlement of the estate of a decedent, and the proceedings of a trustee under an assignment, compels us to the conclusion that very similar rules should prevail in the latter class of cases to those that maintain in the former. Then if the presentation of facts made by a claimant are not sufficient, if proved, to entitle him to have his claim allowed, we suppose a question of law may be made thereon; and we know of no simpler mode of testing that point than by a demurrer.

In the case at bar, even if the affidavit filed with the note can take, and supply, the place of a complaint, still, it does not show facts sufficient to make a case in favor of the appellant. The averments are not specific enough in relation to the facts upon which it is asserted that *John W.* assumed to pay to said appellant the debt of *Payne & Cox*, or a sum equivalent thereto. No question is made as to the right of an objecting claimant to demur.

*Per Curiam.*—The judgment is affirmed, with costs.

*A. J. Simpson*, for the appellant.

*James Collins*, *Thomas L. Collins* and *Alfred B. Collins*, for the appellee.