*J. W. Evans*, for appellant.

*O. S. Hamilton*, for appellee.

———————◆———————

## MARTIN *v.* ASHER's Administrator and Another.

WITNESS.—Suit by A against the administrator of B upon a lost note, alleged to have been assigned by C to A, in writing, after the loss and after the death of B. C, being joined as a defendant to answer as to the assignment, made default. The administrator answered: 1st. General denial. 2d. Payment by the deceased. 3d. That C, and not A, was the real party in interest. On the trial, C was called by A as a witness to prove the execution and assignment of the note.

*Held*, that as C had admitted the assignment by his default, he was not an adversary party to A, but their interests were identical, and adverse to the administrator, and hence the witness, not being called to testify by the "opposite party," was not competent under sec. 3 of the act of 1861.

*Held*, also, that as the execution and assignment of the note were not put in issue by the pleadings, the evidence offered was not pertinent to the issue.

DECEDENT'S ESTATES.—The statute requiring claims against decedent's es-
tates to be filed in the Court of Common Pleas and placed upon the issue
docket, does not apply to cases where other parties are necessarily joined
as defendants in suits against the personal representatives of a dece-
dent. In such cases the suit may be commenced by summons.

APPEAL from the *Putnam* Common Pleas.

ELLIOTT, J.—This was a suit by *Martin,* the appellant,
against *Chinoweth,* as administrator of *Edmund Asher,* de-
ceased, and *Benjamin T. Duncan,* on a lost note, alleged to
have been executed by *Asher,* in his lifetime, to *Duncan.*

The facts, as we gather them from an imperfect and ex-
tremely confused record, are as follows: That *Asher,* on
the 1st of *September,* 1849, executed a promissory note to
*Duncan* for the sum of $200, payable on the 25th of
*December* of the same year. After *Asher's* death, *Dun-
can,* claiming that the original note was lost, furnished a
copy of it, and made to *Martin,* the plaintiff, the following
assignment: "For value received, I assign all my right to
the above note to *Henry T. Martin.* *July* 29th, 1861."

(Signed,)　　　　"BENJAMIN T. DUNCAN."

*Martin* brought suit against *Chinoweth,* as administra-
tor of *Asher,* and made *Duncan* a party to answer as to
his interest in the note. An affidavit of *Martin* is attached
to the complaint, in which he swears that the facts stated
in the complaint are true, that the said sum of $200,
and the interest thereon, is justly due to him from the
estate of said *Asher,* and that said sum of money had not
been paid by said *Asher* in his lifetime, nor by his adminis-
trator since his death.

Process was duly served on *Duncan,* who failed to appear,
and a default was taken against him. *Chinoweth* demurred
to the complaint, but the demurrer was overruled, and he
then answered in three paragraphs, viz:

1st. The general denial.

2d. Payment by *Asher* in his lifetime.

3d. Denying that the plaintiff is the real party in inter-
est, and alleging that *Duncan* fraudulently assigned the note

to *Martin*, without any consideration whatever, simply to enable *Duncan* to become a witness on the trial of said cause, and that the interest therein is still in said *Duncan.* Replication in denial of the second and third paragraphs of the answer. The cause was tried by a jury. On the trial, the plaintiff introduced *Duncan* as a witness, and offered to prove by him the execution and delivery, by said *Asher*, of the note mentioned in the complaint, and also that said note was assigned by said witness to the plaintiff, as set forth in said complaint, and the consideration for which the note was given, but the court refused to permit the evidence to be given to the jury, to which refusal the plaintiffs excepted.

The jury returned a verdict for the defendant. The plaintiff, on written cause, moved the court for a new trial, but the motion was overruled, and judgment rendered on the verdict of the jury.

The ruling of the court in refusing to permit *Duncan* to testify as a witness presents the only point urged by the appellant for the reversal of the judgment.

The second section of the act of 1861, declares that no person shall be disqualified as a witness by reason of interest in the event of the suit, or because of his being a party to the suit or proceeding, and authorizes the parties to a suit to testify therein in their own behalf. Section three contains the exceptions to the rule laid down in the second section. One of the exceptions is as follows: "And provided further, that in all suits where an executor, administrator or guardian is a party, in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause, except in cases arising upon a contract made with the executor, administrator or guardian of such estate." Here, *Duncan* was a party to the suit, and a judgment was sought against the estate represented by the defendant *Chinoweth.* But it

is claimed that *Duncan* was required to testify by the opposite party, the plaintiff, and was, therefore, within the exception to the proviso.

If the matters offered to be proved by *Duncan* were material to the issues in the case we would not be prepared to sustain the position of the appellant, or to hold that *Duncan* was a competent witness under the statute. The object of the legislature in the enactment of the proviso evidently was to protect estates against unjust claims, of which the representative is not presumed to have any personal knowledge, by requiring that they should be supported by the evidence of others than those setting them up. It may be that the language used in the act may not bear a construction sufficiently comprehensive to fully effect the intended object. But in the case at bar, though *Duncan* is nominally a party defendant, yet in fact he is not an opposing or adversary party to the plaintiff, but having by his default admitted the assignment of the note to the plaintiff, his interest, if he has any in this suit, is identical with that of the plaintiff, and adverse to the defendant *Chinoweth*, the only defendant against whom a judgment is sought. *Duncan* was not, therefore, within the meaning of the statute, required to testify by the opposite party. But if this were otherwise, still we think the evidence was properly rejected, for the reason that the facts offered to be proved were not pertinent to the issues in the case. Under the issues upon the second or third paragraphs of the answer, no proof in reference to the execution of the note, or the assignment, was necessary to be made by the plaintiff, and there was no answer putting in issue the consideration of the note. The general denial was not sworn to, and hence the execution of the note and the assignment were admitted, and required no proof. The only matters put in issue by the general denial were the loss of the note, and its contents. But the plaintiff did not offer to prove either of these by *Duncan*; indeed he could not give parol evidence of the contents until he had first proved the loss of the original, and the record does not

show that any such proof was offered. The judgment must therefore be affirmed.

The defendant *Chinoweth* assigns a cross error, in which he insists that the court below had no jurisdiction of a suit against him, commenced by summons in the usual mode, as in this case, but that the claim should have been filed in the Common Pleas Court and placed on the issue docket, and adjudicated under the provisions of the statute regulating the settlement of decedents' estates. Whatever may be the construction to be given to the statute referred to, in cases of ordinary claims against an estate, it cannot apply to cases like the one at bar, where third persons are necessary parties to the litigation.

The judgment is affirmed, with costs.

*J. Scott*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellees.