———o———

UPTON *v.* ADAMS' EXECUTORS.

FOREIGN EXECUTORS.—RIGHT TO SUE.—The right of a foreign executor or administrator to sue in the courts of this State is not dependent upon his filing here a copy of his letters.

SAME.—The statute merely provides, as a rule of evidence, that when the authority of the executor or administrator is properly put in issue, a copy of his letters, produced and filed in the court, shall be sufficient evidence of his appointment.

SUIT BY EXECUTOR.—WITNESS.—Where in a suit by an executor or administrator against several defendants, one of them suffers a default, he is a competent witness for his co-defendants in support of issues made by them in which the witness is not interested.

SAME.—STATUTE CONSTRUED.—The term "party," as used in the second

Upton *v.* Adams' Executors.

proviso of section 3 of the act of *December* 21, 1865, (Acts Spec. Sess. 1865, p. 161,) must be held to mean a party to the issue, or at least a party to the record who is interested in the issue in favor of the party calling him.

APPEAL from the *Bartholomew* Common Pleas.

FRAZER, J.—This was a suit by the appellees against the appellant and one *Bane*, upon a promissory note purporting to have been made by the defendants and others, and payable to the testator. *Bane* did not answer, and judgment was rendered against him by default. *Upton* answered in abatement, that the plaintiffs were not executors, &c., appointed under the laws of this State, and if appointed elsewhere, had never filed an authenticated copy of their letters testamentary in the court where the suit was pending. This answer was, on motion of the plaintiffs, stricken out as frivolous. He then answered in bar, in three paragraphs: 1. General denial. 2. Matter sufficient in confession and avoidance. 3. The same matter which had been pleaded in abatement. The third paragraph was stricken out on motion. There was a reply to the second paragraph, and a trial which resulted in a verdict and judgment for the plaintiffs for the amount of the note. Upon the trial, *Bane* was offered by the appellant as a witness, but was rejected by the court.

The right of a foreign executor or administrator to sue is not dependent upon his filing here a copy of his letters. The statute relied on by the appellant does not require such filing at all. It merely declares, as a rule of evidence, in case his authority shall come in question, that a copy of the letters, "produced and filed in the court, shall be sufficient evidence of his appointment." 2 G. & H., § 159, p. 528. We do not perceive that this language is open to construction. It cannot possibly mean anything but that which we have already intimated. That it would be quite convenient to parties sued to be furnished by the executor with precise information of his authority may be true. This consider-

VOL. XXVII.—28

ation·is urged by the appellant's counsel, but it cannot justify us in requiring what the legislature has clearly not intended. It seems to us, that there was no error in striking out the answer.

We think that *Bane*, though sued with the appellant, was a competent witness for the latter. He was not a party to the issues to be tried, nor interested therein, and was therefore not within the exception made by the statute of 1865, (Acts Spec. Sess. 1865, p. 161,) rendering parties to the record competent witnesses. The object of the legislature, by that exception, was to prohibit a party litigant from testifying in his own behalf, where the other party to the transaction is dead, and therefore not available as a witness, and thus prevent the robbing of estates by the perjury of parties contending with them. But a party to the record may not be a party to the issue to be tried between the executors and a co-party, indeed, he may have no interest whatever in that issue, or his interest may be balanced, or may be with the executor. To exclude him as a witness in such cases would be in violation of the general scope and spirit of the act. It is necessary, therefore, that the term "party," as used in the third section of the act of 1865, shall be held to be a party to the issue, or if merely to the record, then that he be interested in the issue in favor of the party calling him, else the legislative intent deducible from the whole act, and from all our existing statutes as to the competency of witnesses, will be defeated.

The appellee cites *Martin* v. *Asher's Adm'r*, 25 Ind. 237, as settling in his favor the principle governing the question, but we do not regard it so. In that case, two questions only were considered, viz., whether the nominal party defendant to the record, the assignor of the lost note in suit, offered as a witness upon the trial of an issue made by the administrator of the maker, was required to testify by the "opposite party," in the sense of the statute, and whether the facts proposed to be proved by him were admissible under the issues. We ruled both questions in the negative, but

put the case chiefly upon the last question. The matter now under consideration is very different.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*R. Hill* and *G. W. Richardson*, for appellant.

*W. Herod* and *W. W. Herod*, for appellees.