RATCLIFF v. LEUNIG and Others.

DECEDENTS' ESTATES.—*Claims.*—All claims against decedents' estates not excepted by section 62, 2 G. & H. 501, if not filed as required by that section, are barred, except as provided by section 178 of the same act.

SAME.—The maker of a promissory note and the surety thereon both died, the former intestate, the latter testate. The holder of the note filed it as a claim against the estate of the maker only, on final settlement of which he received part payment, this estate being insolvent. After both estates had been finally settled, the creditor brought suit against the devisees of the surety for the balance due on the note. The complaint did not bring the case within section 178, 2 G. & H. 534.

*Held,* that the suit was barred.

*Held,* also, that the facts that the claim was filed against the estate of the principal, and that it could not be known what portion of the note would be paid by that estate until final settlement thereof, did not prevent the creditor from filing the claim against the estate of the surety also, at any time after the grant of letters testamentary, or excuse him from so filing it.

APPEAL from the Posey Circuit Court.

ELLIOTT, J.—On the 12th of July, 1864, Francis Schenk borrowed of Ratcliff, the appellant, two hundred dollars, for which he gave the latter a promissory note, with Henry Leunig as surety, payable one year thereafter. Schenk died in February, 1865, intestate, and Leunig died in March of the same year, testate; and before the note became due, administration was duly granted on the estate of Schenk, and letters testamentary on the estate of Leunig, by the Posey Common Pleas. The appellant filed the note as a claim against the estate of Schenk, which was duly allowed by the administrator, but he did not file it against the estate of Leunig. Both estates were finally settled at the July term of the court, 1867. Schenk's estate was insolvent, and the appellant received on the claim $66.69, being the distributive share payable on said note, on the final settlement of the estate, leaving the residue of the note unpaid. In September, 1867, after both estates were finally settled, the appellant commenced this suit against the devisees of

VOL. XXX.—19

Leunig, to recover the balance due on said note. The court sustained a demurrer to the complaint, which presents the only question in the case. We think the ruling of the court was correct. Section 62 of the act relating to the settlement of decedents' estates (2 G. & H. 501) provides that "a succinct statement of the nature and amount of every claim, whether due or not, against the estate of any decedent, except judgments which are liens upon the decedent's real estate, and mortgages of his real or personal estate, obtained and executed in his lifetime, and expenses of administration, must be filed in the office of the clerk of the proper court of Common Pleas, within one year from the date of the first appointment of an executor or administrator therein, and notice thereof; or no costs shall be recovered therein against such executor or administrator; * * * and after the expiration of one year from such appointment and notice, if such claim be not filed at least thirty days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of the liabilities of heirs and devisees."

The exceptions referred to in this section are contained in section 178 of the same act (2 G. & H. 534), which reads as follows: "The heirs, devisees, and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate to any creditor whose claim remains unpaid, who, six months prior to such final settlement was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed." This is the only statutory provision, that we are aware of, making the heirs, devisees and distributees of a decedent, liable, on account of the estate received by them, for the debts of the decedent. In the case under consideration the complaint shows that the claim was not filed against the estate of the decedent Leunig, and that the estate was finally settled before the commencement of this suit, and there is nothing in the complaint to bring the case within section 178 copied above. But it is urged·

in argument that the claim was properly filed against the estate of Schenk, as he was the principal in the note, and that it could not be known what portion of it would be paid by that estate until the final settlement thereof. These facts, however, did not prevent the appellant from filing the claim against the estate of Leunig at any time after the grant of letters testamentary, nor do they excuse the appellant from doing so.

The judgment is affirmed, with costs.

*J. & H. C. Pitcher*, for appellant.

*E. M. Spencer* and *W. Loudon*, for appellees.