HYATT, Administrator, *v.* MAVITY, Executor.

PRACTICE.—*Claim Against Decedent's Estate.*—Where a complaint shows on its face that the action is to recover a claim against the estate of decedent, and the proceeding has been commenced, not by filing a claim, but as an ordinary action, the suit should be dismissed on motion.

APPEAL from the Ripley Common Pleas.

PETTIT, C. J.—The appellee, who was plaintiff below filed his complaint in three paragraphs, first, that his decedent, on the 22d day of August, 1864, deposited with appellant's decedent, six hundred dollars in cash, and that the same is due and unpaid; second, that on the same day there was placed in his hands three notes of thirteen hundred dollars, which he agreed to account for, but did not; the third paragraph is for a horse and cow, worth one hundred and seventy dollars. The defendant filed a written motion to dismiss the suit because the complaint shows on its face that it is a claim against the estate of a decedent, was not filed as a claim, but was commenced by a complaint and summons, as an ordinary action. The motion was overruled, and exception. This ruling is assigned for error, and is the only one we need notice.

This motion ought to have been sustained. The only way to collect such a claim as this, is to follow sec. 62, p. 501, and sec. 66, p. 503, 2 G. & H. See *Ratcliff* v. *Leunig,* 30 Ind. 289; *Braxton, Adm'r &c.,* v. *The State, &c.,* 25 Ind. 82; *Martin* v. *Asher's Adm'r,* 25 Ind. 237; *Pully, Adm'r,* v. *Perfect,* 30 Ind. 379.

The judgment is reversed at the costs of the appellee, with instructions to the court below to sustain the motion to dismiss the case.

*J. W. Gordon, J. O. Cravens,* and *W. D. Ward,* for appellants.

*E. P. Ferris* and *H. T. Lipperd,* for appellee.