## STANFORD ET AL. *v.* STANFORD ET AL.

DECEDENTS' ESTATES.—*Claim.*—*Jurisdiction.*—To confer jurisdiction over the subject of the action, a claim against the estate of a decedent must be filed, placed upon the appearance docket, and, if not allowed, must be transferred to the issue docket; and, upon demurrer for want of jurisdiction, the record must show that such steps have been taken.

SAME.—*Other Defendants.*—Where another person is a necessary defendant with the administrator or executor, the claim need not be filed against the estate, but an ordinary action may be brought against the administrator and such other person.

SAME.—*Parties.*—To an ordinary claim against an estate, neither the heirs nor the guardians of the heirs are necessary parties defendants.

SAME.—The same person cannot act in the double capacity of plaintiff, urging his own claim against an estate, and of defendant, making a defence to the same. In such case the court should appoint some person to defend for the estate.

APPEAL from the Henry Common Pleas.

BUSKIRK, J.—The assignment of errors presents several questions for our decision, but as one of them calls in question the jurisdiction of the court below, we will first consider and decide that question; for if it should be found that the court below did not possess jurisdiction, the other questions need not be considered, as all the proceedings would be void.

The action was commenced in the Delaware Common Pleas, by Thomas Stanford, sole plaintiff, against Arnett Stanford, administrator of the estate of Thomas R. Stanford, deceased. The action was commenced by an ordinary complaint, upon the filing of which the defendant entered his appearance and filed a demurrer, but upon what ground we are not advised, as the demurrer is not in the record. At the same time, Miles Marshall, guardian of Lee and Ellen Stanford, minor children of the said Thomas R. Stanford, deceased, by his second wife, was admitted a defendant. The venue was then changed, by agreement, to the Henry Common Pleas.

In the Henry Common Pleas, the complaint was amended by making eight other persons, children of the said decedent by his first marriage, co-plaintiffs with the original

plaintiff, at which time the complaint was sworn to by the original plaintiff.

Separate demurrers were filed by the administrator and the guardian. The grounds of the demurrer by the administrator were as follows :

" 1. That the complaint does not state facts sufficient to constitute a cause for action.

" 2. That the court has no jurisdiction of the subject of the action or of the parties defendants, in this, to wit : no such claim has been filed against said estate for allowance by said administrator in the manner required by law, nor entered on the appearance docket of the common pleas court of the county where the said administrator was appointed, for allowance or rejection by him, and thence transferred to the issue docket of said court for trial as required by law."

The demurrer of the guardian was for the same causes.

Both demurrers were overruled, and an exception taken.

The action was based upon the following instrument : "May 20th, 1849. Received of Thomas Arnett, executor of Thomas Arnett, deceased, eight hundred and sixty-two dollars of my wife Mary's estate, to be accounted for in the settlement of my estate to her heirs at ten per cent. per annum                              T. R. STANFORD."

The complaint alleges that Mary Stanford was the lawful wife of the decedent on the 20th of May, 1849; that at such time she was the owner in her own right of the above named sum of money ; that said sum was received by the decedent, upon the agreement and conditions therein named ; that the said Mary had departed this life intestate, leaving children, whose names are given, her surviving; that by the word heirs as used in said receipt was meant the heirs of her body; that subsequent to the death of the said Mary the said Thomas R. had married again, by which marriage he had two children, Lee and Ellen, born to him ; that the said Thomas R. had departed this life intestate, without making any provision for the payment of said money with interest thereon; that Thomas Stanford, a son of the

decedent by the first marriage, had been appointed administrator, and that he had refused to pay the same.

The prayer of the complaint was for judgment against the administrator of said estate, and for other proper relief.

Two positions are assumed by counsel for appellees:

ᵥ1. That it need not affirmatively appear upon the face of the record that the claim was filed against the estate, that it was entered upon the appearance docket, and was transferred to the issue docket for trial.

2. That the want of jurisdiction over the subject of the action or the person of the defendant can not be raised by demurrer.

On the other hand, counsel for appellants insist that the court below acquired no jurisdiction over the subject of the action or the person of the defendants; unless the claim was filed against the estate as required by law, and that such want of jurisdiction may be shown by demurrer.

It is provided by section 62 of the act for settlement of decedents' estates, that a succinct statement of the nature and amount of any claim of the character of this must be filed, etc.

By sec. 65, it is made the duty of the clerk to make out a list of all claims filed against any estate, and at the next term of such court to present the same to the executor, etc., when further proceedings shall be continued to the ensuing term of said court.

By sec. 66, it is provided, that such claim shall be placed upon the appearance docket, and if not allowed shall be transferred to the issue docket and shall stand for trial at the next term as other civil actions.

It is also provided in sec. 62, that no other court shall have original jurisdiction of such claim.

We think it quite clear from the above sections of the statutes and the various decisions of this court, that to confer jurisdiction over the subject of the action, a claim against an estate of a decedent must be filed, placed upon the appearance docket, and, if not allowed, must be trans-

ferred to the issue docket, and that upon an appeal to this court the record must show that such steps were taken. The statute does not prescribe the form of the statement. It may be by a regular complaint; but whatever form is adopted it must be filed as above indicated. *Morgan* v. *Squier*, 8 Ind. 511; *Crabb* v. *Atwood*, 10 Ind. 322; *Gifford* v. *Black*, 22 Ind. 444; *Braxton* v. *The State*, 25 Ind. 82; *Martin* v. *Asher's Adm'r*, 25 Ind. 237; *Pulley* v. *Perfect*, 30 Ind. 379; *Hyatt* v. *Mavity*, 34 Ind. 415; *Ratcliff* v. *Leunig*, 30 Ind. 289.

The above rule does not apply where another person is a necessary defendant with the administrator or executor. In such case the claim need not be filed against the estate, but an ordinary action may be brought against the administrator and such other person. *Braxton* v. *The State*, 25 Ind. 82.

It, therefore, becomes necessary to inquire whether the guardian of Lee and Ellen Stanford was either a necessary or proper party.

We are of opinion that he was not either a necessary or proper co-defendant with the administrator. Sec. 68, 2 G. & H. 504, makes it the duty of an executor or administrator to attend and make all necessary defences against all claims that stand for trial, and for failure to do so he is made liable upon his bond. If the administrator, in the present case, was in a condition to make an efficient and honest defence, there was no necessity for any other defendant. No judgment was demanded against the guardian, and none could have been rendered against him or his wards upon the allegations of the complaint. There was no attempt to bring the case within section 178, 2 G. & H. 534. That section provides, that "the heirs, devisees and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed."

It was said by this court in *Ratcliff* v. *Leunig, supra,* that

Stanford *et al. v.* Stanford *et al.*

the above was the only statutory provision making the heirs, devisees, and distributees of a decedent liable, on account of the estate received by them, for the debts of the decedent. Neither the guardian nor his wards were necessary or proper parties, under the above section, for there was no personal liability against such heirs.

It, however, appears from the record, that the administrator was the son of the decedent by his first wife, and that he was made a co-plaintiff. He could not act in the double and inconsistent capacity of plaintiff, urging his own claim, and defendant, making an efficient and honest defence. There could not be a trial without an adversary party. The court should have appointed some person to make a defence for the estate. *Hubbard* v. *Hubbard,* 16 Ind. 25.

It remains to inquire whether the question of jurisdiction was raised by the demurrer. There has been some conflict in the decisions of this court upon this question, but since the decision in *Loeb* v. *Mathis,* 37 Ind. 306, it should no longer be regarded as an open question. That case was decided by the late judges of this court, and both opinions evince great learning and research. The petition for a rehearing was overruled by the present members of this court, after an exhaustive argument, and upon full consideration.

We think the question of jurisdiction was raised by the demurrer, and that the court below possessed no jurisdiction of the subject-matter of the action.

It necessarily results that all the orders and judgment were void.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings in accordance with this opinion.*

*W. Brotherton* and *C. E. Shipley,* for appellants.

*W. March, M. E. Forkner, E. H. Bundy,* and *T. J. Sample,* for appellees.

*Petition for a rehearing overruled.