NOBLE *v.* McGINNIS ET AL.

DECEDENTS' ESTATES.—*Circuit Court.—Jurisdiction.— Waste.—Action Against Estate and Another.—How Commenced.—Judgment.—Mortgage.— Claim.— How Filed.—Notice.—Summons.—Practice.—Pleading.— Will.*—A testator, dying seized in fee of lands, devised them to his widow, during her widowhood, with remainder in fee, in common, to his children, part of whom conveyed their portions of such remainder to a purchaser; such widow having died, such purchaser commenced a joint action in the circuit court, against the administrator of her estate and the guardian of another, by filing a complaint upon the probate appearance docket, and issuing a summons thereon to such guardian, alleging in his complaint, that, after he had received such conveyance, such widow had committed waste upon the inheritance, by cutting and selling timber growing thereon, with the proceeds of which she had purchased a tract of land and caused the same to be conveyed to such ward, and then died, leaving an estate insufficient to pay him his damages, judgment for which he demanded against such administrator, and also that such ward's said land be subjected to the payment of any deficiency which could not be realized from such estate.

*Held,* that the circuit court has now the same probate jurisdiction as formerly belonged to the common pleas court, but that it is entirely independent of its jurisdiction in ordinary civil actions.

*Held,* also, that a simple claim against a decedent's estate must be filed, and entered upon the appearance docket by the clerk.

*Held,* also, that judgment or mortgage liens upon the estate or property of a decedent can not be filed nor adjudicated as are simple claims.

*Held,* also, that the action in this case, being a joint one against such administrator and guardian, could not be commenced by filing a complaint upon the appearance docket, but ought to have been commenced as an ordinary civil action.

*Held,* also, that a summons upon a simple claim against a decedent's estate is not contemplated by the statute, the filing and entry of such claim being sufficient notice to the administrator.

*Held,* also, that the summons in this cause, to such guardian, ought not to have been issued, and the service thereof gave such court no jurisdiction over him ; and, therefore,

*Held,* also, that all parts of such complaint, as to such guardian or his ward, were properly stricken out, and the action as to him dismissed, on motion.

*Held,* also, that such complaint, thus eliminated, constitutes a sufficient claim against such estate, and is within the probate jurisdiction of such court.

*Held,* also, that the will of such testator, though made part of such complaint, is not the basis of the action for waste, and can neither control nor aid any of the averments of such complaint.

*Held,* also, that, by the averments of the complaint, such widow had a life-estate, only, in such lands.

From the Marion Circuit Court.

*C. W. Smith, R. O. Hawkins* and *C. H. Remy,* for appellant.

*G. W. Spahr, H. Dailey* and *W. N. Pickerill,* for appellees.

NIBLACK, J.—This was a proceeding in the court below, by the appellant, against George F. McGinnis, administrator of the estate of Martha Ellis, deceased, and Reuben Burnett, guardian of Hiram Ellis, a person of unsound mind.

The complaint represented that in February, 1846, Nelson R. Ellis, late of Marion county, died testate, leaving the said Martha Ellis, as his widow, and nine children, naming each of them, surviving him. That at the time of his death, the said Nelson R. Ellis was the owner of several tracts of land in said county, containing in all two hundred and forty acres, and that by his last will and testament said lands were devised to the said Martha Ellis, during her widowhood. That upon her death each of his said children was to become entitled to one-ninth part of said lands.

That on the 20th day of June, 1860, he, the appellant, became the owner, by a good and sufficient deed of conveyance, of three undivided ninth parts of said lands, being the shares of three of the said children of the decedent. That on the 29th day of November, 1861, he also became the owner, by a proper deed of conveyance, of the share of one of the other children of the decedent, being another undivided ninth part of said lands. That on the 13th day of January, 1865, he became, by a sufficient deed of conveyance, also, the owner of one other undivided ninth part of said lands, being the share of still another one of the said decedent's children, and making in all five undivided ninth parts of the lands

aforesaid. That at the time the appellant purchased the several interests in said lands, as aforesaid, there was a large amount of valuable timber growing and standing upon said lands; that the said Martha Ellis wrongfully and wastefully permitted, caused and procured said timber to be cut down, hauled away and sold, for her own gain and emolument. That by reason of the cutting down and removal of said timber, the inheritance in said lands was greatly wasted and lessened, to wit, in the sum of five thousand dollars, and to the damage of the appellant two thousand five hundred dollars.

That the said Martha died sometime in the fall of 1873, and that soon thereafter, to wit, on the 11th day of November, 1873, the said George F. McGinnis was appointed administrator of her estate. That the said Martha Ellis, during her lifetime, with money realized from the sale of said timber, so wrongfully and wastefully caused to be cut down upon and removed from said lands, purchased from Virginia Ellis, another one of the children of the said Nelson R. Ellis, her share and interest in said lands, and caused the same to be conveyed to Hiram Ellis, a person of unsound mind, who paid no part of the purchase-money therefor. That there was not a sufficiency of assets, belonging to the estate of the said Martha Ellis, to pay the appellant's said claim, without subjecting the said Hiram Ellis's interest in said lands to sale for the payment thereof, and that the said Martha Ellis, at the time of her death, was possessed of and left no real estate. That the said Reuben Burnett was the duly appointed guardian of the said Hiram Ellis.

The complaint also represented, that since the death of the said Martha Ellis, partition of the lands devised to her by the said Nelson R. Ellis, as aforesaid, has been made between the owners thereof, and that a certain portion of said lands, describing it, has been set off to the said Hiram Ellis.

That before the filing of this claim against the estate

of the said Martha Ellis, the appellant demanded of the said Reuben Burnett, that he should hold the portion of said lands, so set apart to the said Hiram Ellis, subject to the payment of said claim, which he, said Burnett, refused to do. Wherefore the appellant prayed judgment against the estate of said Martha Ellis for the sum of five thousand dollars. Also, that the portion of said lands set off to the said Hiram Ellis, or so much thereof as might be necessary, should be decreed to be sold, to pay such judgment, after exhausting the personal estate of the said Martha Ellis.

A copy of the will of the said Nelson R. Ellis was filed with the complaint, as an exhibit in the cause, and the complaint was verified by the affidavit of the appellant. The appellee Reuben Burnett, as the guardian of the said Hiram Ellis, entered a special appearance to the action, and moved the court to dismiss the cause as to him, for the alleged reason, that, as shown by the complaint, the court below, as a probate court, had no jurisdiction of the cause of action against him. The court sustained the motion, to which the appellant excepted.

The appellee George F. McGinnis, as the administrator of the estate of the said Martha Ellis, then moved the court to strike out of the complaint all that related to the alleged cause of action against the said Reuben Burnett, guardian as aforesaid, including so much of the prayer of said complaint as demanded relief against him, said Burnett, as such guardian. That motion was also sustained by the court, to which the appellant also excepted.

To the complaint, as thus eliminated, the said McGinnis demurred, assigning as grounds of objection—

1st. That the court, as a probate court, had no jurisdiction of the subject of the action; and,

2d. That the complaint did not state facts sufficient to constitute a claim against the estate of the said Martha Ellis, deceased.

The court sustained the demurrer, to which appellant also excepted, and there was judgment on the demurrer, against the appellant.

The sustaining of the motion to dismiss the action as to the said Reuben Burnett, guardian as aforesaid, the sustaining of the motion to strike out so much of the complaint as was intended as a cause of action against him, as such guardian, and the sustaining of the demurrer of the said McGinnis to the complaint, are severally assigned for error, in this court.

The circuit courts have now conferred upon them a probate jurisdiction, which is separate and distinct from their general jurisdiction in civil causes; and their methods of proceeding, in the exercise of their probate jurisdiction, are equally separate and distinct from those prescribed by the code of civil procedure in ordinary civil actions. All matters touching decedents' estates, wills, administrators, executors, guardians and heirs, and all business transacted in relation thereto, in said courts, are required to be kept separate, in proper books prepared for that purpose, in the same manner as when the courts of common pleas had the exclusive original jurisdiction of the probate business of the State, and such probate jurisdiction, since it has been transferred to the circuit courts, is still as much a separate and independent jurisdiction as when it was exercised by the courts of common pleas. *Alexander* v. *Alexander*, 48 Ind. 559.

A summary method is provided for filing and adjudicating simple claims against a decedent's estate. The entry of such claims, when filed, on the appearance docket of the proper court, by the clerk, is made sufficient notice of the filing of such claims, without the issuance of a summons, or other notification, as in ordinary adversary proceedings. See 2 R. S. 1876, pp. 512, 515, sections 62, 65.

Judgments, which are liens upon the decedent's real estate, and mortgages of his real or personal estate, executed

in his lifetime, can not be filed in that way, and where any controversies arise as to such liens and mortgages, they must necessarily be adjudicated by other less summary methods.

The complaint in the case before us constitutes, primarily, a claim against the estate of the said Martha Ellis, deceased, and, as such, seems to have been filed against her estate under section 62, above referred to. It includes, also, some additional allegations and averments, which are intended as a cause of action against the said Reuben Burnett, as guardian of the said Hiram Ellis, on which it appears a summons was issued to the said Burnett, requiring him to appear and answer to said complaint.

It was clearly competent for the appellant to join the said McGinnis, as administrator, and the said Bennett, as guardian, in the same action, if the cause of action was a joint one, but not under section 62, as a simple claim against the estate of the decedent. It must be by ordinary civil proceedings. Braxton v. The State, ex rel., etc., 25 Ind. 82; Martin v. Asher's Adm'r, 25 Ind. 237; Smith v. Denman, 48 Ind. 65; Stanford v. Stanford, 42 Ind. 485.

In the case of Hyatt v. Mavity, 34 Ind. 415, it was held, that where a complaint shows, on its face, that the action is to recover a claim against the estate of a decedent, and the proceeding has been commenced, not by filing a claim, but as an ordinary action, the suit should be dismissed on motion.

The statement of the claim filed against a decedent's estate, under section 62, is much less formal than a complaint in an ordinary action. Crabb v. Atwood, 10 Ind. 322; Pulley v. Perfect, 30 Ind. 379; Smith v. Denman, supra.

We do not think it was contemplated that a summons should be issued on a claim filed under said section 62, or that such a claim should be combined with another, involving ordinary adversary proceedings between other

parties. We are consequently of the opinion, that the summons in the case in hearing was improvidently issued for the said Burnett, and that the court did not err in dismissing the action as to him.

For the same reason, we think the court did not err in striking out all of the complaint which was intended as a cause of action against the said Burnett, as the guardian of the said Hiram Ellis.

In the discussion of the sufficiency of the complaint, counsel on both sides mainly devote themselves to respective constructions of the will of the said Nelson R. Ellis. A copy of that will was filed with the complaint, and made an exhibit in the cause, but, as the will was not the foundation of the action, the copy thus filed is not a part of the complaint. It can not therefore be made to control any averments in the complaint, or to supply any omissions in its averments. Hence, the demurrer to the complaint does not require us to give any construction to that will here. See *Wilson* v. *Vance, post*, p. 584. From the facts stated in the complaint, we would infer that the said Martha Ellis had only a life-estate in the lands alleged to have been devised to her by her husband. As thus construed, the complaint constituted, on its face, a valid claim against the estate of the said Martha Ellis, and ought, as we think, to have been held sufficient on demurrer.

The judgment sustaining the demurrer to the complaint is therefore reversed, at the costs of the estate of the said Martha Ellis. The other proceedings in the cause are affirmed, at the costs of the appellant, and the cause is remanded, with instructions to the court below to overrule the demurrer.