The opinion of the Court was afterwards delivered by
Parsons, C. J.
The verdict in this cause is taken for the plaintiff by consent, subject to the opinion of the Court on certain facts agreed by the parties.
The plaintiff sues in this action as administrator of Anna Dean, and in his count declares that the said Anna died seised in fee simple of the demanded premises, within thirty years, not leaving personal estate sufficient to pay her debts and legacies, together with the funeral charges, and the expenses of administration, for which reason he ought to have possession of the premises, to administer them according to law; and he complains that the defendant deforceth him.
On the trial, on the issue of not guilty, the plaintiff gave in evidence his second administration account, settled and allowed in the Probate Court, on which he relies, as sufficient evidence to maintain the issue on his part; and whether it be sufficient evidence is the question submitted to the Court.
*229 Whether an administrator can in any case maintain a real action, to obtain the seisin or possession of the lands of the intestate, which he did not claim as mortgagee, is a question admitting some doubt, notwithstanding a long practice may be urged in favor of the action; as the several statutes by which the real estate tf any person deceased intestate, is made assets in the-hands of his administrator, may be construed to give him only a naked authority to sell, the estate in the mean time descending to the heirs of the intestate. But in this action we do not think it necessary to decide this question (1). We shall give our opinion on the assumed ground that an administrator may recover, in a real action, lands which are by law to be administered by him as legal assets.
Our inquiry is, therefore, confined to the plaintiff’s second administration account, as the only evidence in the case to * prove the plaintiff’s right to administer the demanded [ * 261 ] premises as assets. There are four statutes relating to this subject. In the statute of 1783, c. 36, directing the descent of intestate estates, it is enacted in the third section that the real estate shall stand chargeable with all the debts of the deceased, over and above what the personal estate shall be sufficient to'pay. In the eighteenth section of the statute of 1783, c. 24, directing the manner of devising lands, &c., it is provided that when any estate shall be taken in execution for the payment of the testator’s debts, or shall be sold therefor as the law provides, the other devisees or heirs may be compelled to a contribution by a suit at law. The statute (2), directing the settlement of the estates of deceased persons, in the first section provides that when the personal estate of the deceased shall be insufficient to pay his debts and the legacies given by him, the Supreme Judicial Court, or the Court of Common Pleas, may license the executor or administrator to sell so much of the real estate of the deceased as shall be necessary to satisfy the debts which the deceased owed at the time of his death, and the legacies bequeathed in his last will, with incidental charges. And m the seventh section of the same statute it is enacted that the real estate of any person deceased shall be liable to be taken in execution upon judgments against executors and administrators for the proper debts of the testator or intestate.
From a consideration of all these statutes, it is manifest that the lands of any person deceased intestate are not assets to be administered by the administrator, but when there is a deficiency of per *230 sonal estate to pay the debts which he owed at his death; and that the administrator cannot administer on the lands but by selling them according to a license duly granted, and by appropriating the proceeds to the discharge of the intestate’s debts (3). The Court, however, in granting thé license, may authorize him to sell lands also sufficient to pay the incidental charges of sale, it being an expense he must necessarily incur in pursuing his authority. In levying an execution on the lands of an intestate, to satisfy a debt which he owed, the judgment creditor may satisfy the [ * 262 ] * costs of suit out of the lands. With the exception of these two cases, the laws have made no provision for the appropriation of the lands of an intestate, but to supply the deficiency of his personal estate for the payment of his debts.
This opinion is supported by the provisions of the statute of 1788, c. 51. By this statute, when lands recovered by an administrator on foreclosing a mortgage, or taken by execution, are afterwards sold by license, the proceeds shall be assets, not only for the payment of debts, but also for the charges of administration. For the lands being received in satisfaction for money due the intestate, when they are turned into money, it is proper that the proceeds should be appropriated as personal assets of the intestate. •
In the case at bar the deceased died intestate; and unless it appears from the administration account that there is a deficiency of the personal estate to pay her debts, it is very clear that the administrator can have no claim to administer on her lands. In examining this account, there is a credit to the estate of 181 dollars, 49 cents, personal estate, being the balance of the first administration account. And the only charge against the estate of any debt paid, is hazel Dean’s execution, amounting, with the fees, to 25 dollars, 9 cents. The other items appear to be the expenses of lawsuits, not taxed in the bills of costs, in which suits the plaintiff voluntarily engaged, and by the result of which the estate has derived no benefit. From this examination, it appears that the lands of the intestate are not wanted to satisfy any of her debts, but merely to reimburse the administrator his own expenses; and the conclusion is necessary, that he has no claims on her lands to administer them for any purpose authorized by law.
According to the agreement of the parties, the verdict must be set aside, and the plaintiff be nonsuit.
In forming our opinion, we have supposed that if an administiator can maintain an action to recover possession of lands to administer them, the settlement of a proper account in the Probate Court may *231 be sufficient evidence of his right to administer on the lands of the deceased (4). But we all very much doubt whether such an account is sufficient evidence; and we are strongly inclined to think that he should *go further, and show a regular [ * 263 license to sell real estate. As he cannot administer the lands, but by sale pursuant to a license, it seems unreasonable to permit him by suit to disturb the lawful possession of the tenant until it is ascertained by the license that he may lawfully sell the lands when recovered (5).

Plaintiff nonsuit.

 [Vide Drinkwater vs. Drinkwater, 4 Mass. 354.—Willard vs. Nason, 5 Mass 420.—Hathaway vs. Valentine, 14 Mass. 500.—Gibson & Al. vs. Farley, 16 Mass. 280 But see the revised statutes.—Ed.]

 1783, c. 32.

 [Drinkwater vs. Drinkwater, 4 Mass. 354.—Mitchell vs. Lunt 4 Mass 464 —But see the revised statutes.—Ed]

 [See the revised statutes.—Ed.]

 [Since the above decision, the authority of the administrator to sell has bees enlarged, so as to embrace the charges of administration.—Ed.]