PARISH and Another *v.* HEIKES.*

A paragraph of an answer setting up the pendency of another cause which ought to be joined, must state facts showing that the causes are such as may be joined. The general allegation that the causes ought to be joined, or that the notes sued on were made by the same parties on the same day, is not sufficient.

Upon affidavit by the plaintiff's attorney that the plaintiff is a non-resident, &c., an order against him to answer interrogatories may be stricken out; and the overruling of a motion by defendant for a continuance till the next day to enable him to file an affidavit of the materiality of such answers, is not an abuse of discretion, where it appears by an undertaking for costs that the plaintiff was a non-resident.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.—Suit by an assignee against the maker of promissory notes.

Answer, first, denial; second, payment; third, usury; fourth, that another suit between same parties was pending in same Court for another note given at same time, and that said causes of action ought to be joined, or the plaintiff pay the costs of one of the suits, &c; fifth, denial of assignment.

Interrogatories were also filed, which the plaintiff was required to answer by an order to that effect.

There was a demurrer sustained to the fourth paragraph of the answer, because it did not state facts sufficient.

Reply in denial as to the second and third.

Upon the affidavit of the attorney of the plaintiff, of the non-residence and absence from Court of plaintiff, the order to answer interrogatories was, upon the calling of the cause for trial, stricken out, and a motion to continue until the next day to enable the defendant to file an affidavit of the materiality, &c., of an answer thereto, was overruled.

Upon the trial, the notes and assignments were admitted in evidence without proof of their execution, or any written notice (2 R. S. p. 97) that they would be offered in evidence.

These various rulings were each questioned, and are now objected to here as erroneous.

The demurrer was properly sustained; the paragraph did not state facts showing that the causes of action were such as might be joined. 2 R. S. p. 43. The general allegation that they ought to be joined was not sufficient; nor that the notes were executed on the same day and by the same parties.

A legitimate mode of informing the Court of the absence of the plaintiff, was by affidavit, which presented a sufficient reason for the order of the Court in reference to the answer to interrogatories.

The motion to delay the case was then addressed to the sound discretion of the Court. We do not perceive any abuse of that discretion, especially when we take into consideration the fact that an undertaking for costs was filed with the complaint, which implied the non-residence of the plaintiff.

The statute, 2 R. S. p. 97, has reference to writings offered in evidence, other than those pleaded as the foundation of the action, or defense. *The State* v. *Hart*, 12 Ind. R. 424.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*D. Mace* and *J. L. Miller*, for the appellants.

*S. A. Huff* and *R. Jones*, for the appellee.