SMITH and Others *v.* ROSENHAM and Others.

A party to an action, who has complied with an order to answer interrogatories, may also be compelled to appear and testify as a witness, at the instance of the party propounding the interrogatories.

APPEAL from the *Floyd* Common Pleas.

PERKINS, J.—*Smith* and *Winchester* sued *Rosenham* and *Bamberger*. With their complaint, the plaintiffs filed interrogatories, to be answered by the defendants. The interrog-

atories were answered. Subsequently, and some ten days before the next session of the Court, the plaintiffs caused one of the defendants to be subpœnaed to appear and testify as a witness. He failed to appear. The plaintiffs moved for an attachment against him, but the Court refused the attachment, and forced the plaintiffs to trial, on the ground that, having filed interrogatories against the defendants, they were precluded from abandoning the answer to the interrogatories, and examining the defendants on the trial as witnesses.

We do not see that the question thus raised involves any very important principle, but it should be settled, as a point of practice, upon a construction of the statute, influenced by considerations of expediency. By our statute, parties, with certain exceptions, may be voluntary witnesses; and each can compel the opposite party to be a witness, by giving his deposition, or his testimony orally, on the trial, as the case may be. So far, parties may be treated as other witnesses. In addition, parties may be required to answer interrogatories, which answers, the opposite party may use or reject at his pleasure.

It is always the most satisfactory to courts and juries to hear the statements of the witnesses orally given upon the trial. Hence, if the deposition of a witness is taken, *de bene esse*, still it is not used if the personal attendance of the witness can be had. The party, himself, ought not to complain; and we can easily perceive that, after interrogatories have been answered, the case may present an aspect which will render it important to a full investigation of the cause, that the party who may have answered the interrogatories, should be personally examined on the trial. Such a practice is consistent with the language of the statute. 2 G. & H., p. 188.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded for a new trial.

*John H. Stotsenburg* and *Thomas M. Brown,* for the appellants.

*Randall Crawford* and *Henry Crawford,* for the appellees.