Gross *v.* Howard.

COLUMBIA GROSS *& al., by Guardian, Appellants from decree of the Judge of Probate, versus* ALBERT E. HOWARD, *Administrator.*

To justify a decree licensing an administrator to make sale of any real estate belonging to his intestate's estate, (except such as is held in mortgage or taken in execution by the administrator for a debt due the estate,) it must be made to appear that such sale is necessary to pay debts, legacies or expenses of sale and administration, or that a sale of *some portion* thereof is necessary for these purposes, and that, by a partial sale, the residue would be greatly depreciated.

The decree of the Judge of Probate, appealed from, cannot be used as evidence of the facts therein contained, in support of the decree in the Supreme Court of Probate.

If land has been sold under a license which was illegally obtained, and an appeal has been taken from the decree granting such license, the fact of sale will not affect the decision of the Supreme Court of Probate.

APPEAL from a decree of the Judge of Probate of Lincoln county, granting a license to the appellee as administrator of the estate of George H. Gross, deceased, to sell enough of the real estate of said deceased to raise the sum of $500.

The appeal not having been seasonably taken, was granted on petition to the Supreme Court of Probate.

The facts agreed upon by the parties are substantially as follows : —

George H. Gross, now deceased, Jan. 9, 1845, gave a bond to Cornelius Gross and Catherine Gross—his father and mother—for their maintenance, secured by a mortgage of his homestead. In October, 1849, said George H. Gross died, intestate, seized and possessed of a homestead (subject to said mortgage) and one other lot of land. Cornelius Gross (the father) died several years previously, but Catherine Gross (the mother) was living at the time of the proceedings appealed from.

The appellee never had any dealings with the intestate, his claim as creditor of the estate being for supplies furnished by him to said Catherine long after the death of the intes-

tate. There were no claims against the estate, at or since the death of the intestate, other than said bond.

On March 6, 1860, Howard, the appellee, entered a petition in the Probate Court, alleging himself to be a creditor of the estate, and praying to be appointed administrator of the estate of George H. Gross. On the same day, without notice, and without the request or assent of any of the relatives of the intestate, he was appointed. At the same time, the appellants, children and heirs at law of the intestate; the widow of the intestate, then unmarried; and a brother of the intestate, were residing in said county of Lincoln.

There was no proof presented to the Judge of Probate that said Howard was a creditor of the estate, other than the allegation in the petition. Upon receiving the appointment, he filed a sufficient bond as administrator. May 29, 1860, an inventory was returned, in which the real estate was appraised at $300, and no personal property was returned.

March 5, 1861, the appellee, as administrator, petitioned for license to sell real estate, on which notice was ordered and published, and license granted in May following. Under this license, the appellee sold all of the real estate of the deceased, June 8, 1861; one portion, subject to the mortgage before described, to the said Catherine, for $5, and the other to one John Gentleman, for $103, for which deeds were duly executed and delivered.

The appellee took the oath, gave the bond and notice required by law, and sold according to his license.

The purchasers took possession under their respective deeds, and were *bona fide purchasers.*

At the time the license was granted, the appellee had not filed or settled any account of his administration, or presented any claim against the estate, excepting the bond heretofore referred to; nor had his claim as creditor been in any manner considered by the Judge of Probate. Commissioners of insolvency had never been appointed, nor was any

proof offered to the Judge of Probate of the nature or amount of the appellee's claim.

The appellants filed the following reasons for the appeal:

2d. Because said petition for license to sell said real estate for the payment of debts, &c., (the amount of said debts not having been ascertained by the settlement of an account or the report of commissioners of insolvency,) was not accompanied with a list, under oath, of the debts due from said estate, and of the amount of the expenses of administration up to the time of said application, as by the rules of said Probate Court is required, nor by any evidence of the nature and amount of said supposed debts and charges.

3d. Because the administration granted to said Albert E. Howard, as a creditor of said deceased, was void, it having been granted without notice to the widow or others next of kin to said deceased; without proof that they were unsuitable; and without their being cited before the Judge of Probate for the purpose of taking out letters of administration on the estate of said deceased. And said administration was further void in this, that it did not appear by the said Howard's petition for administration, nor by the evidence presented thereon, nor by the decree granting said administration, that there was personal estate of said deceased, amounting to twenty dollars, nor that the debts due from him amounted to that sum, and that he left that amount in value of real estate. For which reasons and because there was no property or estate of said deceased, whereon said administration could operate, the said administration and all acts done in pursuance thereof were irregular, illegal and void.

4th. Because said Albert E. Howard was not a creditor of said deceased, and because there were no just debts due and owing from said deceased at the time of his death, nor from his estate since that time.

5th. Because the said appellants claimed that the real estate of said deceased descends and belongs to them of right as his legal heirs, and that they ought not, by the sale of

their said estate, to bear any part of the expenses of said Howard's unnecessary, illegal and void administration.

The opinion of the Court was drawn by

BARROWS, J. — The irregularities occurring throughout these proceedings are numerous and extraordinary, and indicate a looseness of practice in the matter of issuing notices to parties, whose rights are to be affected by the proceedings contemplated, and a general inattention to the requirements of law in the Probate Court, that are greatly to be deprecated.

To commence with the objection that lies nearest to the proceeding appealed from : — To justify a decree licensing an executor or administrator to make sale of any real estate, belonging to the estate which he represents, (except such as is held in mortgage, or taken in execution, by the executor or administrator, for a debt due the estate,) it must be made to appear that such sale is necessary to pay debts, legacies or expenses of sale and administration, or that a sale of *some portion* of the real estate is necessary for these purposes, and that, by a partial sale, the residue would be greatly depreciated. R. S., c. 71, § 1, items, 1st, 4th, 7th.

Now, here, the decree granting the license and finding these facts is appealed from, and to authorize the appellate Court to affirm the decree, enough of these facts must be proved or admitted, in the Supreme Court of Probate, to make out a case for the original petitioner. They are not only not proved nor admitted, but, by the agreed statement of facts presented to us, the contrary appears.

The administrator never had any dealings with the deceased. His claim for supplies furnished to Catherine Gross, after the decease of the intestate, was against said Catherine only. She only could assert a claim against the estate of the deceased, upon the outstanding bond. She does not seem ever to have done so. She held a mortgage to secure it, and there is no evidence before us that there was anything due from the estate of the deceased upon that bond.

The counsel for the appellee seem to rely upon the decree appealed from, as evidence of the facts to be made out, but, in a hearing upon an appeal from that decree, it can hardly be necessary to say that it cannot be thus received.

And it is time that parties should more fully understand that it is an exceedingly precarious advantage that can be obtained, by misleading a Judge of Probate in the exercise of his functions.

It is urged that the sale is necessary, and the license should be granted, to raise money to pay the expenses of administration.

If we conceded the propriety of this position, under the circumstances of the case, still there is nothing before us to show the amount of those expenses, and the license must be limited to that, as it is not alleged nor proved that a partial sale would depreciate the residue.

But looking into the agreed statement of facts, upon which we are to pass, we find that this administration was improvidently granted upon the *ex parte* representation of this petitioner, that he was a creditor of the intestate, when he was not so, and when, so far as appears, the case was within the provisions of section 5, chapter 63 of the Revised Statutes, declaring that administration shall not be granted unless it appears that there is personal estate of the deceased amounting to at least twenty dollars, or that the debts due from him amount to at least that sum, and that he left that amount in value of real estate. It was held in *Bean* v. *Bumpus*, 22 Maine, 553, that the Probate Judge " has no jurisdiction, so that he can grant administration, if it does not appear to his satisfaction" that there is personal estate, or debts due from the intestate and real estate, sufficient to meet the requirements of the statute above referred to.

Now, even if we substitute the recital in the decree granting administration for the agreed statement of facts before us, and hold that the decree granting administration, not being appealed from, is conclusive as to the rightfulness of the appointment, it would by no means follow that a license

Gross *v.* Howard.

to sell real estate ought to be granted to pay the expenses of administration.

The petition for administration alleges that there was personal estate, rights and credits, which ought to be administered according to law; and there is no allegation that the debts due from the estate amounted to twenty dollars, (which would be necessary to give the Court jurisdiction to appoint for that reason,) although it is asserted that the applicant for administration is a creditor. The decree finds the facts set forth in the petition and those only. So that unless we resort to the agreed statement, it would seem that there was personal estate which should have paid the administration expenses. If we take the agreed statement, (which is really the case presented by the parties for adjudication,) the impropriety of the appointment is at once manifest. The appellee may have done all under an innocent misapprehension of his legal rights, but to suffer a stranger, thus intermeddling, to deprive the heirs of a person deceased, of their rights of inheritance in their progenitor's real estate, for the purpose of paying expenses incurred by his own wrong, would be an abuse of the power to grant licenses for the sale of real estate.

That the land has been sold, under the license granted by the Judge of Probate, can make no difference in our decision of this case. *Nowell* v. *Nowell,* 8 Greenl., 220. Enough has been said to show the conclusion to which a reasonable attention to the requirements of law in other matters must bring us. *Decree reversed, with costs for the appellants.*

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.