## IN THE MATTER OF THE ESTATE OF HENRY BENTZ.

PETITION OF ADMINISTRATOR TO SELL REAL ESTATE.—A petition for the sale of real estate by an administrator is sufficient if it shows that the personal estate is insufficient to pay the expenses of administration, etc., and for that purpose it may refer to and make the inventory a part of the petition.

SALE OF REAL ESTATE BY ADMINISTRATOR.—The Probate Court may order a sale of the real estate left by the deceased, upon petition of the administrator, to pay the expenses of administration, even if there are no debts, and there has been no family allowance.

APPEAL from the Probate Court of the City and County of San Francisco.

Henry Bentz, a resident of the City and County of San Francisco, died intestate in said city, July 1st, 1865, leaving a wife, Louise Bentz, and a posthumous child, being his heirs at law.

On November 14th, 1865, Louise Bentz, widow of deceased, filed her petition for letters of administration on the estate of deceased. Letters of administration were issued to her January 5th, 1866. On the same date orders were made directing publication of notice to creditors and appointing appraisers.

On January 17th, 1865, an inventory and appraisement were filed. No notice to creditors was given by said administratrix, and no further proceedings taken by her. On the first day of November, 1866, said Louise Bentz intermarried with one Frederick Sinram. On the 15th day of June, 1867, William A. Quarles, the Public Administrator of the City of San Francisco, filed his petition for letters of administration on said estate. On July 12th, 1867, letters of administration were issued to said Quarles, with the consent of said Louise Sinram, the widow of deceased. On August 13th, 1867, the first publication of notice to creditors of deceased to present their claims was made. On October 24th, 1867, said Quarles filed his petition for an order of sale of real estate. On November 24th, 1867, an order was made by the Probate Court directing sale of real estate. On Wednesday, June 3d, 1868, at 12 M., the administrator sold said real estate under said order to Christopher Thon, for five thousand one hundred and fifty dollars. The return of sale was made July 3d, 1868, and an order confirming the sale made on the 9th day of July, 1868. The confirmation of said sale was agreed to by the widow of deceased, and by the guardian *ad litem* of the minor. The purchaser refused to take the property and comply with the terms of sale, on the ground that the Court had no jurisdiction to make said order of sale, and that the sale under said order had no force and effect to convey the title of deceased in said real estate; for that, first, it did not appear that the personal estate was insufficient to pay the expenses of administration; second, it affirmatively appeared that there were no outstanding debts against the estate; third, that there was no family allowance ordered therein; fourth, that the same could not be sold simply to pay the expenses of administration herein incurred; fifth, that said sale was illegal, void, and unauthorized, as to the share of the infant and posthumous child.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellant.

*J. F. Finn*, for Respondent.

By the Court, SAWYER, C. J.:

This is an appeal by the purchaser of real estate at administrator's sale, from an order confirming the sale, on the ground that the sale is void for want of jurisdiction in the proceedings terminating in the sale and order of confirmation.

The first point is, that it did not appear in the petition that the personal estate was insufficient to pay the expenses of administration, etc., and *Stuart* v. *Allen*, 16 Cal. 500, is cited as authority. The petition alleges "that no *personal estate* has come to the hands of your petitioner; that, as your petitioner is informed and believes, the only personal property belonging to said estate is certain household furniture, in the actual use and possession of the widow of deceased; that said personal estate was appraised at the value of one hundred twenty-five dollars, but your petitioner alleges that the present value of said personal estate is not more than fifty dollars." It also states that the inventory on file contains "a full description of the personal estate of the deceased," and refers to it, and makes it a part of the petition; and therein the personal estate is described as "household furniture in the actual use of the widow; value, one hundred twenty-five dollars." The petition further avers "that no property has been discovered, or profits received subsequently to the filing of said inventory," and that the expenses of the administration, taxes, street assessments, etc., to be paid, will amount to four hundred forty dollars. If these averments do not show that the personal property in the hands of the administrator is insufficient "to pay all debts and charges of the administration," it is difficult to see how that fact is to be made to appear. The personal estate, then, is stated to be of the value of not more

87

than *fifty* dollars, and the debts (taxes and street assessments) and expenses of administration to be paid out of it to be four hundred forty dollars. The statement is clearly sufficient to give jurisdiction within the case cited by appellant.

The next and only other point, is, that there being no debts, or family allowance, the land cannot be sold to pay the expenses of administration alone. Section one hundred fifty-four of the Probate Act provides, that "when the personal estate, in the hands of the executor or administrator, shall be insufficient to pay the allowance to the family, the debts that may be outstanding against the deceased, and the debts, expenses and charges of the administration, the executor or administrator may sell the real estate for that purpose upon the order of the Probate Court." It is gravely argued, that, unless all these various kinds of charges exist against the estate, even though there is a deficiency of personal assets to pay such as do exist, there can be no sale of real estate, and this because the conjunction *and* instead of *or* is used. That is to say, if there is no family allowance, be the debts ever so large, there can be no sale of real estate to pay them, or if there are no debts, then none can be sold to pay family allowances and expenses of administration, and if there are no debts and no family allowance, no sale to pay expenses of administration. Such a construction would be simply absurd. On the contrary, if there is not sufficient personalty to pay the *aggregate of all these classes* of claims, be the same more or less, or be it made up of items belonging to one or more of these classes of charges, real estate may be sold to pay the deficiency left over the amount which the personalty will pay. This is the obvious meaning of the section if it stood by itself. But if it were doubtful on the language of this section, the doubt would be dispelled on reading sections one hundred fifty-five, one hundred fifty-six and one hundred sixty-two. Section one hundred fifty-five prescribes what the petition shall state, enumerating the several items to be paid mentioned in section one hundred fifty-four, and sections one hundred fifty-six and one hundred

Points decided.

sixty-two then provide that the proceedings for sale shall be had "if it shall appear to the Court or Judge by such petition that it is necessary to sell the whole or some portion of the real estate for the *purpose* mentioned in section one hundred fifty-five of this Act [being the same mentioned in section one hundred fifty-four] *or any or either of them,*" etc. The expense of administration is certainly one of them.

The order is affirmed and the remittitur directed to issue forthwith.