JAMES M. STIGLER, Administrator, *v.* LUCY A. PORTER *et al.*

1. ESTATES OF DECEDENTS: SALE OF REALTY TO PAY DEBTS UPON INSUF-
FICIENCY OF PERSONALTY AFTER DECEDENT'S DEATH. — The Probate
Court will decree a sale of the lands of a decedent to pay debts, when the
personalty, which was sufficient at the time of decedent's death, has subse-
quently become insufficient, in consequence of an event over which the per-
sonal representatives had no control.

2. SAME: SAME: REALTY NOT CHARGEABLE WHEN PERSONALTY BECOMES IN-
SUFFICIENT FROM DEVASTAVIT OR NEGLECT OF PERSONAL REPRESENTA-
TIVES.— The personal estate of a decedent is the primary fund for the pay-
ment of debts, but upon its insufficiency, whether at the time of the death
of the decedent or subsequently, the lands are chargeable, unless the subse-
quent insufficiency of the personalty has resulted in consequence of the de-
vastavit or neglect of the personal representatives ; in that event, the lands
cannot be sold until the creditor has exhausted all remedies against the per-
sonal representatives and securities. *Evans* v. *Fisher*, 40 Miss. 643.

APPEAL from the Probate Court of Holmes county. Hon.
Hugh W. Fultz, judge.

Appellant, as the administrator *de bonis non* of Robert How-
ard, deceased, filed his petition in the court below, stating that
the personal estate was insufficient to pay the debts, that the
slaves belonging to the estate had been freed, and that the notes
and accounts were of little or no value. A schedule of liabilities
and assets was filed. The petition asked that the heirs of How-
ard be made parties, and that the lands be sold for the purpose
of paying the debts.

Lucy A. Porter and Thomas L. Howard, heirs of Robert
Howard, appeared and demurred to the petition for the causes
stated in the opinion of the court. The demurrer was sustained
and the petition dismissed.

*James M. Dyer*, for appellant, cited *Evans* v. *Fisher*, 40
Miss. 643 ; Rev. Code, 443, art. 80.

*D. W. Sanders* for appellees. No brief on file.

29

Peyton, J., delivered the opinion of the court.

The plaintiff in error, as administrator *de bonis non* of Robert Howard, deceased, filed his petition in the Probate Court of Holmes county, alleging that the personal estate of said decedent was wholly insufficient to pay and satisfy the debts which had been exhibited against the estate of said deceased; that the negroes belonging to said estate, by the result of the war, had been emancipated, and that in consequence thereof all the assets of said estate that have come into the hands of said administrator, as contained in a schedule annexed and made part of the petition, are insufficient to pay the debts and liabilities of said deceased; and that a schedule of the debts and liabilities of the decedent was annexed, and made part of the petition, and that it was necessary to resort to the real estate of the deceased for the payment of his said debts and liabilities; and praying for a decree of said court, authorizing a sale of the real estate for that purpose.

Thomas L. Howard, one of the defendants to this suit, and child of decedent, appeared and demurred to said petition, on the ground that the personal property of said estate that passed into the hands of the executrix after the death of the said Robert Howard, stood charged with and was amply sufficient to discharge the liabilities of said decedent, and that the real estate descended to the heirs and devisees of the deceased, unincumbered with said liabilities. The demurrer was sustained by the court and the petition dismissed, and the cause comes here by appeal on the part of the said administrator *de bonis non*, who assigns for error that the court below erred in sustaining the demurrer and dismissing the petition.

It appears from the petition that the personal estate at the time of the death of the deceased was sufficient to pay the debts, and that subsequently to that time the personal estate became insufficient to pay the debts, in consequence of the emancipation of the slaves which had belonged to said estate by an event over which the personal representatives of the deceased had no control.

The facts set out in the petition, if true, were sufficient to

authorize a decree of the court to sell the land; and those facts being admitted by the demurrer, the court below erred in sustaining it, and in dismissing the petition.

By the law of this State, the lands, tenements, and hereditaments of the deceased stand chargeable for the debts, over and above what the personal estate may be sufficient to pay, and may be subjected to the payment of the same by a decree of the Probate Court for that purpose. Rev. Code, 446, art. 89. It is founded on the policy which generally prevails in this country, to subject all a man's property, except such a is positively exempt, to the payment of his debts, and is most consonant to the principles of honesty and justice.

The personal estate is the primary fund for the payment of debts. But it is not necessary that the deficiency of the personal estate should exist at the time of the death of the deceased, in order to make the real estate chargeable. The court will look to the condition of the estate at the time of the hearing of the petition, for the purpose of ascertaining whether the personal estate is *then* sufficient to pay the debts; and if it is not, a decree should be made for the sale of the land, unless it should appear that the personal estate became insufficient to pay the debts in consequence of the devastavit or neglect of duty of the administrator; and in that event the lands cannot be sold for the purpose of paying debts, until the creditors have exhausted all remedy against the administrator and securities. *Evans* v. *Fisher*, 40 Miss. 643.

For these reasons the decree will be reversed, the demurrer overruled, and cause remanded for further proceedings in accordance with this opinion.