## ALEXANDER, ADM'X, v. ALEXANDER.

PRACTICE.—*Circuit Court.*—*Claim Against Estate.*—By sections 79, 80, and 81 of the act of March 6th, 1873 (Acts 1873, pp. 96 and 97), the jurisdiction of the court of common pleas, with its mode of procedure under the act in relation to decedents' estates, was transferred to the circuit court. Under the amended section 66 of the act in relation to decedents' estates, the practice of filing special answers to claims against estates was adopted, and also the practice of filing interrogatories with the pleadings according to section 303 of the general practice act, and the same practice in these respects should be followed by the circuit court.

From the Floyd Circuit Court.

*G. V. Howk, W. W. Tuley, F. Wilson,* and *A. C. Voris,* for appellant.

*A. Dowling,* for appellee.

BIDDLE, J.—The appellee filed her claim, which consisted of three several promissory notes, made to her by Thomas M. Alexander, deceased, of whose estate the appellant is the administratrix, in the Floyd Circuit Court. To this claim, which was presented without a formal complaint, the appellant answered:

1. General denial.
2. That the notes were without any consideration.
3. Payment.
4. Set-off.

With the fourth paragraph of answer, the appellant filed ten several interrogatories, and asked that the appellee be required to answer them under oath. On motion of the appellee, the first, second, and third paragraphs of the answer were stricken out by the court. On further motion of the appellee, the interrogatories filed with the fourth paragraph of the answer were also stricken out by the court. To these rulings the appellant excepted. A trial by the court was had; a finding and judgment for the appellee; an appeal to this court by the appellant, wherein she assigns two errors:

1. Sustaining the motion to strike out the first, second, and third paragraphs of the answer.

2. Sustaining the motion to strike out the interrogatories filed with the fourth paragraph of the answer.

We are glad to see points clearly raised, a record neatly made, and the questions closely argued on both sides, as in this case.

By sections 79, 80, and 81 of an act approved March 6th, 1873, the jurisdiction of the court of common pleas, with its mode of procedure under the decedents' act, was transferred to the circuit court; we must, therefore, settle the question in this record according to the practice in the court of common pleas as it existed at the time that court was thus abolished. Acts 1873, pp. 96 and 97.

Section 66 of the decedents' act (2 G. & H. 502), as it was first enacted, allowed, in reference to claims filed against estates, all matters of valid defence, except set-off, to be given in evidence without any special plea. In this section as amended, this provision was left out, and the following provision substituted (2 G. & H. 503): that if such claim is not admitted at the appearance term, it " shall stand for trial at the next term thereof, as other civil actions pending therein." At the time this amendment was enacted, the court of common pleas had exclusive jurisdiction in all matters of decedents' estates, and was besides a court of enlarged, though not of general common law jurisdiction. In this court much of the litigation of the country was settled. Its mode of procedure, except in matters of decedents' estates, was governed by the general practice act (2 G. & H. 33). We must, therefore, suppose that the legislature, by the words " shall stand for trial at the next term thereof, as other civil actions pending therein," meant to adopt the mode of trial and method of defence as to claims filed against decedents' estates which prevailed at the time in " other civil actions," in that court. Besides claims against decedents' estates, there were no " other civil actions pending therein," except such as were governed, in the mode of procedure, by the general practice act. The practice of filing special answers to claims against decedents' estates was adopted at once under the amended section 66

(*Morgan* v. *Squier,* 8 Ind. 511), and has continued the same to the present time.   *Crabb* v. *Atwood,* 10 Ind. 322 ; *Barnett's Adm'x* v. *The Cabinet Makers' Union,* 28 Ind. 254 ; *Cawood's Adm'r* v. *Lee,* 32 Ind. 44 ; *Stanford* v. *Stanford,* 42 Ind. 485 ; *Lancaster* v. *Gould,* 46 Ind. 397 ; and *Bearss* v. *Montgomery,* 46 Ind. 544.   A practice so uniform and continued so long ought not to be disturbed.

We think the court erred in sustaining the motion to strike out the first, second, and third paragraphs of the appellant's answer.

At the time the practice of filing special answers to claims filed against decedents' estates was adopted, under section 66, above cited, as amended, the practice of propounding interrogatories with the pleadings, according to section 303 of the general practice act (2 G. & H. 189), prevailed in the court of common pleas " in other civil actions," and was, by the amendment of section 66, made applicable in defences to actions against decedents' estates.    This practice was transferred by the act of March 6th, 1873, with the jurisdiction of the court of common pleas, to the circuit court ; the circuit court, therefore, should adopt the same practice, in matters of decedents' estates, that prevailed in the court of common pleas at the time the transfer was made.    For this practice see *Hubler* v. *Pullen,* 9 Ind. 273 ; *Cleveland* v. *Hughes,* 12 Ind. 512 ; *Boswell* v. *Travis,* 12 Ind. 524 ; *Hannum* v. *Curtis,* 13 Ind. 206 ; *Druley* v. *Hendricks,* 13 Ind. 478 ; *Cleveland* v. *Stanley,* 13 Ind. 549 ; *McNamara* v. *Ellis,* 14 Ind. 516 ; *Parish* v. *Heikes,* 14 Ind. 605 ; *Rielay* v. *Whitcher,* 18 Ind. 458 ; *Smith* v. *Rosenham,* 19 Ind. 256 ; *Wheelock* v. *Barney,* 27 Ind. 462 ; and *Aylesworth* v. *Brown,* 31 Ind. 270.

It was this practice, we think, which was made applicable by the amendment to section 66, as cited, to all defences in the court of common pleas, to claims filed against decedents' estates, as in " other civil actions pending therein," and which should have been followed by the circuit court in the case under consideration.

It was error, therefore, to sustain the motion to strike out the interrogatories filed with the third paragraph of appellant's answer.

The judgment is reversed, and the cause remanded, for further proceedings according to this opinion.