CATHERINE MARTIN, individually and as administratrix,

*v.*

EDWARD CULLEN, executor.

A testator died in 1873, leaving a widow, a daughter, and three sons, Thomas, James and Michael. By his will, he devised the use of a lot (No. 183) to his *widow, durante viduitate,* with remainder to *Thomas,* subject to a legacy of $1,000 to James, payable in five years after the widow's decease. He gave to *James,* besides the $1,000, another legacy of $4,000, charged on a lot (No. 185) devised to Michael, and payable in five or ten years, at Michael's option. He gave to *Michael* a lot (No. 185), subject to the legacy mentioned, and, also, a lot (No. 152), and the *residuum* of his estate to be applied to certain religious purposes. *James* died in 1873, after the testator, his legacies never having been paid. The testator's personal estate being insufficient to pay his debts, including the costs of a litigation to establish the will, directed to be paid out of the estate, lot No. 185 was ordered to be sold for that purpose. The widow, in her own right, and also as administratrix of James, filed a bill for relief against that order.—*Held,* that the debts must be charged upon Thomas's residuary interest in No. 183, and on Michael's interest in Nos. 152 and 185, in the relative proportion which the value of each lot bears to the amount of debts due, and that, in selling Michael's lot, No. 152 must be first resorted to, and if Thomas's remainder does not satisfy his proportion of the debts, the balance must be made out of Michael's property, and *vice versa;* and that the remainder, if any remain, arising from the sales of the several lots, will be subject to the legacies charged on the respective lots.

———

Bill for relief. On final hearing on bill and answer.

NOTE.—Ordinarily, the lands of a decedent cannot be sold by his representatives, under order of a court, to satisfy any but his own debts existing at the time of his decease. Debts owing, but not due, may be included, *Eaton* v. *Whitaker,* 6 *Pick:* 465 ; *Carey* v. *Dennis,* 13 *Md.* 1 ; or, payable in installments, some of which are not due, *Haverhill Assn.* v. *Cronin,* 4 *Allen* 141 ; or, liability as a stockholder for future calls, *Hamer's Case,* 2 *De G. M. & G.* 366 ; but a claim on a contingency that may never happen should be excluded, *Harding* v. *Smith,* 11 *Pick.* 478 ; and mere voluntary bonds of the decedent intended to be given to a child, but never delivered, *Carey* v. *Dennis,* 13 *Md.* 1 ; and the expense of maintaining a lunatic, added to his funeral expenses, *Carter* v. *Beard,* 10

Martin *v.* Cullen.

*Mr. G. Collins,* for complainant.

*Mr. J. Garrick,* for defendant.

THE CHANCELLOR.

Thomas Martin, deceased, late of Jersey City, by his will, proved November 8th, 1874, gave to his wife his household effects and his cow, and the use, so long as she remained his widow, of his lot, with the house thereon, known as No. 183 Seventh street, in Jersey City, with remainder in fee to his son Thomas, subject to a legacy of $1,000 to his son James. To James he gave two legacies, one of $1,000, just mentioned, and another of $4,000, charging the former on that remainder, and the other on the testator's house and lot No. 185, in Seventh street, in Jersey City, which he gave, by the will, to his son Michael, subject to that legacy. He directed Thomas to pay the legacy of $1,000 to James in five years from the death of his (the testator's) wife, with interest

---

*Sim.* 7; and the representative's expenditures in maintaining the decedent's family after his decease, *Woodruff* v. *Cook,* 2 *Edw. Ch.* 259; *Pry's Appeal,* 8 *Watts* 253; *Drake* v. *Lee,* 1 *Mon.* 247. See *Johnson* v. *Hogan,* 37 *Tex.* 77; *Ingram* v. *Ingram,* 5 *Heisk.* 541.

As to the effect of a disputed claim, see *Rockwell* v. *Geery,* 4 *Hun* 606; *Richardson* v. *Richardson,* 2 *Root* 270; *Newsom* v. *Newsom,* 3 *Ired. Eq.* 411; also, *Neibert* v. *Withers, Sm. & Marsh. Ch.* 598.

Taxes on lands assessed before a decedent's death, but not payable until afterwards, may be included, *Brackett* v. *Tillotson,* 4 *N. H.* 208; *Bowers* v. *Williamson,* 34 *Miss.* 324; *Henderson* v. *Whitinger,* 56 *Ind.* 131; *Eno* v. *Roberts, Kirby* 393; *Curry* v. *Fowler,* 3 *A. K. Marsh.* 504; *Welsh* v. *Perkins,* 8 *Ohio* 52; *Moore* v. *Moore,* 22 *La. An.* 226; *Reed's Case,* 4 *Phila.* 375; *Bulfinch* v. *Benner,* 64 *Me.* 404; *Kingman* v. *Glover,* 3 *Rich.* (*S. C.*) 27; *Haydon* v. *Goode,* 4 *Hen. & Munf.* 460; *Piatt* v. *St. Clair, Wright* 266, 6 *Ohio* 227; *Hapgood* v. *Jennison,* 2 *Vt.* 294. Under the New York statute, *Dugan's Case,* 1 *Tucker* 338; *Griswold* v. *Griswold,* 4 *Bradf.* 216, 217; *Banks* v. *Taylor,* 10 *Abb. Pr.* 199; but that the heir or devisee is liable, see *Fairman's Case,* 30 *Conn.* 205; *Stevens* v. *Evans, Burr.* 1152; *Williams* v. *George,* 3 *Curteis* 343; *Stone* v. *Wood,* 16 *Ill.* 177; *Phelps* v. *Funkhouser,* 39 *Ill.* 401; *Rice* v. *White,* 8 *Ohio* 216; *Schmidt* v. *Smith,* 57 *Mo.* 135; *Dallam* v. *Oliver,* 3 *Gill* 445.

As to assessments for benefits or damages, see *Neal* v. *Knox R. R.,* 61 *Me.* 298; *Durando* v. *Durando,* 23 *N. Y.* 331; *Boynton* v. *Peterborough R. R.,* 4 *Cush.* 467; *Upper Appomatox Co.* v. *Hardings,* 11 *Gratt.* 1; *Cashman*

Martin *v.* Cullen.

during that period. He also directed him to secure the payment of the $1,000 and interest by his bond and a mortgage on the property on which it was so charged. He directed Michael to pay the $4,000 in five years from his (the testator's) death, without interest; but, provided that if Michael should be unable to pay it within the five years, he should give to James his bond, payable in ten years from the time of the testator's death, with interest from the expiration of the five years, the payment of the bond to be secured by a mortgage on No. 185. He also devised to Michael, in fee, a house and lot known as No. 152 Seventh street, in Jersey City, and gave the residue of his estate to him, to be applied to certain religious purposes.

The admission of the will to probate was resisted by the testator's daughters, and a litigation took place accordingly, in the Hudson orphans court. It resulted in favor of the validity of the will. The court, however, ordered the costs and counsel fees of both sides to be paid out of the estate. The personal estate being insufficient to pay the debts, application was made, by the executor, to the orphans court

v. *Wood,* 6 *Hun* 520; *Goodwin* v. *Milton,* 5 *Fost.* 458; *Moore* v. *Boston,* 8 *Cush.* 274; *Welles* v. *Cowles,* 4 *Conn.* 182; *Seabury* v. *Bowen,* 3 *Bradf.* 207 , *Ross* v. *Adams,* 4 *Dutch.* 160; *Hawkins's Case,* 3 *Eng. R. & C. Cas.* 505, *note; Moseley* v. *Boush,* 4 *Rand.* 392.

The rule does not include taxes assessed after the decedent's death, *Wilcox* v. *Smith,* 26 *Barb.* 316; *Henry* v. *Horstick,* 9 *Watts* 412; *Gormley's Appeal,* 29 *Pa. St.* 49; *Jackson* v. *Sassaman,* 29 *Pa. St.* 106; *Lucy* v. *Lucy,* 55 *N. H.* 9; *Barlow* v. *St. Nicholas Bank,* 63 *N. Y.* 399; *Walker* v. *Diehl,* 79 *Ill.* 473. See *State* v. *White,* 61 *Mo.* 441; *People* v. *Olvera,* 43 *Cal.* 492; *Putnam* v. *Russell,* 17 *Vt.* 54; *Watt* v. *White,* 46 *Tex.* 388; *Williams* v. *Holden,* 4 *Wend.* 223.

The costs of a lawsuit brought by the representative, are not within the rule, *Dean* v. *Dean,* 3 *Mass.* 258; *Sanford* v. *Granger,* 12 *Barb.* 392; *Wood* v. *Byington,* 2 *Barb. Ch.* 387.

Nor the costs and expenses of administration, *Drinkwater* v. *Drinkwater,* 4 *Mass.* 354; *Gross* v. *Howard,* 52 *Me.* 192, 196; *Farrar* v. *Dean,* 24 *Mo.* 16; *Cornwall's Case,* 1 *Tuck.* 250; *Fitzgerald* v. *Glancy,* 49 *Ill.* 465; *Walworth* v. *Abel,* 52 *Pa. St.* 370; *Fitch* v. *Witbeck,* 2 *Barb. Ch.* 161. See *Brazer* v. *Dean,* 15 *Mass.* 183; *Dunning* v. *Driver,* 25 *Ind.* 269; *Coblaugh's Appeal,* 24 *Pa. St.* 143; *Bentz's Case,* 36 *Cal.* 687; and although necessary expenses may not be embraced in a petition with debts (*Den* v. *Hammel,* 3 *Harr.* 73), yet until reversed for that cause, the order is valid, *O'Hanlin* v. *Den, Spen.* 33, 50.

Martin v. Cullen.

for an order directing the sale of land to pay debts, which was granted: the court ordering that the premises No. 185 Seventh street, devised to Michael, should be sold for the purpose. James died in 1873, after the death of the testator. He died intestate, and was never married. Neither of the legacies to him has been paid. Letters of administration of his estate were granted to his mother, the testator's widow. The property ordered to be sold is that on which his legacy of $4,000 is charged.

As administratrix of his estate, and in her own right as one of his next of kin, his mother filed her bill to stay the sale, with a view to obtaining equitable relief in this court.

The executors and Michael have answered. The other defendants have not.

After the testator's death, Michael, as devisee, took possession of the property ordered to be sold, and has ever since retained it. He is liable to pay the legacy of $4,000 charged thereon. The amount to be raised for the payment of debts is about $1,100 and interest, and it is to be raised out of the real estate, the three lots, one of which,

---

Commissions are not included, *Williams* v. *Williams*, 8 *Ohio St.* 300; *Holman* v. *Bennett*, 44 *Miss.* 322; *Newsom* v. *Newsom*, 3 *Ired. Eq.* 411. See *Drake* v. *Lee*, 1 *Mon.* 247.

The representative, in case of a just advancement, may be subrogated to the creditor's rights, *Liddel* v. *McVickar*, 6 *Hal.* 44; *Williams* v. *Williams*, 2 *Dev. Eq.* 69; *Sanders* v. *Sanders*, *Id.* 262; *Ball* v. *Miller*, 17 *How. Pr.* 300; and entitled to re-imbursement, *Pea* v. *Waggoner*, 5 *Hayw.* 242; *Ingram* v. *Ingram*, 5 *Heisk.* 541; *Smith* v. *Hoskins*, 7 *J. J. Marsh.* 502; *Collinson* v. *Owens*, 6 *Gill & Johns.* 4; *Lindsay* v. *Lindsay*, 1 *Desauss.* 150; but not if the debts were barred by the statute of limitations when paid by him, *Gilchrist* v. *Rea*, 9 *Paige* 66; *Mooers* v. *White*, 6 *Johns. Ch.* 360; *Pry's Appeal*, 8 *Watts* 253; *Hamilton* v. *Newman*, 10 *Humph.* 557; or the assets have been lost by his negligence, *Turner* v. *Ellis*, 24 *Miss.* 173; *Stuart* v. *Kissam*, 2 *Barb.* 493; *aliter*, where he has been blameless, *Evans* v. *Fisher*, 40 *Miss.* 643; *Stigler* v. *Porter*, 42 *Miss.* 449; *Ingram* v. *Ingram*, 5 *Heisk.* 541.

That the judgment of the creditor is recovered after a distribution of the estate has been made, cannot affect his claim, *Faran* v. *Robinson*, 17 *Ohio St.* 242; *Jones* v. *Wightman*, 2 *Hill (S. C.)* 579; *Bland* v. *Hartsoe*, 69 *N. C.* 204; *Hall* v. *Partridge*, 10 *How. Pr.* 188.

The purchase-money paid to an administrator cannot be recovered of the heir, at whose instance the sale is set aside, *Nowler* v. *Coit*, 1 *Ohio* 236; *Dorman* v. *Tost*, 13 *Ill.* 127.—Rep.

No. 183, is devised to the widow so long as she continues to be the testator's widow, with remainder in fee to Thomas, subject, as to the remainder, to the legacy of $1,000 to James; and the other two, Nos. 152 and 185, are devised to Michael, in fee, the latter subject to the legacy of $4,000 to James. The remainder given to Thomas, and the land devised to Michael, are both liable to pay the debts, and are liable, after payment of the debts, to pay the legacies to James, respectively charged thereon. The devise to the widow was undoubtedly in lieu of dower in the real estate of her husband. Her estate in No. 183, therefore, ought to be protected. A proper proportion of the debts should be charged on Thomas's interest in the one property, and Michael's in the others; and each should, if necessary, be sold to raise its proportion.

Of Michael's property, No. 152 will be first sold to raise his proportion of the debts (he being liable to pay the legacy of $4,000), and if that property should not bring enough to pay his proportion, then No. 158 should be sold. If Thomas's remainder does not bring enough to pay his proportion of the debts the balance must be made out of Michael's property. Thomas's remainder will also be liable to raise any part of the debts besides his proportion which Michael's property shall fail to pay. The residue of the proceeds of the sale of Thomas's remainder, after paying so much of the debts as required hereby, will be subject to the legacy charged thereon, and in like manner the residue of the proceeds of No. 185 (Michael's property), if it be sold, will, after payment of so much of the debts as is hereby made payable therefrom, be subject to the legacy of $4,000.

There will be a reference to a master, to ascertain and report the proportions.