## DOUTHITT v. SMITH, ADMINISTRATOR, ET AL.

COUNTER-CLAIM.—*Cross-Bill in Chancery.—Essentials of.*— A counter-claim under section 59 of the practice act, in its essential qualities, stands upon the same footing as a cross-bill in chancery, and must not introduce into the cause any matter foreign to the subject-matter of the complaint.

SAME.—*Partition.— Counter-Claim by Administrator, to Procure Sale to Pay Debts —Jurisdiction.*—In an action by a widow, against the administrator and heirs of a decedent, for partition of lands alleged to have belonged, equitably, to the decedent, the title to which was alleged to have been improperly taken by the administrator in his own name, after the death of the decedent, the latter could not maintain a cross action against the widow and heirs, to procure an order to sell the land to pay the debts of the decedent, as the two involve different jurisdictions of the same court.

From the Shelby Circuit Court.

*L. J. Hackney, A. Blair, E. P. Ferris* and *W. W. Spencer*, for appellant.

*B. F. Love, G. M. Wright* and *F. Wright*, for appellees.

NIBLACK, ` J.—This was a complaint for partition, by Lucinda Douthitt, widow of James Douthitt, against James E. Smith, Alonzo Douthitt, Mary L. Oldham, Granville S. Oldham, John H. Douthitt, Ephraim M. Dou-

thitt, Dorothy J. Douthitt and William F. Douthitt, Smith being the administrator of the said James Douthitt and the other defendants his children and descendants.

The complaint alleged, that a short time before his death the said James Douthitt made a contract with one Joseph Jonas for the purchase of a fifty-acre tract of land in Shelby county, describing it, but died without receiving a conveyance for such land; that, after the death of the said James Douthitt, the defendant Smith, as his administrator, completed the contract of purchase, and took a deed from Jonas, for the land, in his own name. Wherefore the plaintiff demanded that one-third in value of such land be set off to her as the widow of the decedent.

Smith, on his appearance to the action, filed a cross complaint against the plaintiff and his codefendants, averring that the said James Douthitt, in his lifetime, sold and conveyed (the plaintiff, as his wife, joining in the conveyance,) a certain fifty-acre tract of land (the same described in the complaint) to the said Joseph Jonas, for the sum of three thousand dollars, payable in instalments of one thousand dollars each, with notes secured by a mortgage on the same land, executed by Jonas; that, after his appointment as such administrator, he, the said Smith, commenced proceedings to foreclose the mortgage, but ascertaining that the said Jonas was insolvent, and unable to pay the full amount of the notes which the mortgage was executed to secure, he agreed to surrender, and did surrender, the notes to Jonas, upon receiving a conveyance for the tract of land described in the complaint and covered by the mortgage; that the said Jonas and wife, in consideration of the surrender of such notes, conveyed the land to him, the said Smith, in trust for the estate of said James Douthitt, deceased; and that

Douthitt *v.* Smith, Administrator, *et al.*

said tract of land was not worth more than two thousand five hundred dollars.

The cross complaint then made an exhibit of the personal estate of the decedent and of the debts and demands against his estate, showing a deficiency in the personal estate to pay such debts and demands, concluding with a prayer for an order for the sale of the land so conveyed to said Smith, in trust for the decedent's estate, to pay said debts and demands.

The plaintiff demurred to the cross complaint, but her demurrer was overruled. The court then proceeded to the proofs adduced in support of the cross complaint, and ordered the sale of the entire tract of land in controversy to pay the debts and demands against the decedent's estate.

The plaintiff has appealed and assigned error upon the overruling of her demurrer to the cross complaint. The demurrer raised, either directly or incidentally, several questions upon the cross complaint.

What is now, in this State, very commonly denominated a cross complaint, is practically synonymous with a cross-bill in chancery practice, and is, under our present code, technically a counter-claim. In treating of a cross-bill in chancery practice, it may be said that the original cause and the case made by the cross-bill constitute but one cause, and the cross-bill must relate to the matter in question in the original bill. The cross-bill must not introduce any distinct matter, as it is but auxiliary to, and dependent upon, the original suit. 2 Barb. Ch. Pract., Book 4, pp. 127, 128; *Spragg* v. *Corner*, 2 Cox, 109; *Rubber Company* v. *Goodyear*, 9 Wal. 807.

A counter-claim is any matter arising out of, or connected with, the cause of action, which might be the subject of an action in favor of the defendant, or which

would tend to reduce the plaintiff's claim or demand for damages. 2 R. S. 1876, p. 63, sec. 59.

The defendant may proceed to trial in certain cases upon his counter-claim, notwithstanding the plaintiff may have dismissed his action or failed to appear. 2 R. S. 1876, p. 185, sec. 365; and in that respect a counter-claim may occupy a more independent position with reference to the original suit than does a cross-bill in a chancery cause, but, in its essential qualities, a counter-claim stands upon the same footing with a cross-bill.

The circuit courts have now a probate jurisdiction, which is separate and distinct from their jurisdiction in ordinary civil actions, and all matters falling within their probate jurisdiction are required to be entered and kept in books prepared and separately set apart for that purpose. Noble v. McGinnis, 55 Ind. 528; Alexander v. Alexander, 48 Ind. 559.

The original complaint in this cause constituted an action for partition, to be placed on the docket as a civil action, and to be entered upon the records pertaining to the ordinary civil jurisdiction of the court.

The cross complaint brought an element into the cause wholly inconsistent with the nature and purpose of the original action, and was addressed to the probate jurisdiction of the court, invoking an order which could only be properly entered on the records set apart and kept for probate business. This involved a commingling of jurisdictions, and an incongruity in judicial proceedings, evidently not contemplated by the statute authorizing counter-claims, and not supported by any of the analogies in chancery proceedings.

Without therefore deciding any thing upon the facts set up in the cross complaint, as to the supposed validity or invalidity of the plaintiff's claim to an absolute inter-

est in the land in suit, we are of the opinion that the cross complaint did not make out a proper counter-claim in this cause, and that, consequently, the court erred in overruling the demurrer to the cross complaint. '

The cross complaint had none of the characteristics of an answer, and hence we have not considered it as an answer. It could not have been both an answer and a counter-claim. *Campbell* v. *Routt,* 42 Ind. 410 ; *Schee* v. *McQuilken,* 59 Ind. 269 ; *Hadley* v. *Prather,* 64 Ind. 137.

The sufficiency of the complaint is not before us. In consequence, we decide nothing upon the facts averred in it.

As bearing, however, upon the question of the sufficiency of the complaint, which may hereafter arise in the court below, the following cases are cited : *Baldwin* v. *Timmins,* 3 Gray, 302 ; *Palmer* v. *Stevens,* 11 Cush. 147 ; *Richardson* v. *Hildreth,* 8 Cush. 225 ; *Grout* v. *Chamberlin,* 4 Mass. 611 ; *Dean* v. *Dean,* 3 Mass. 258. See, also, 1 Williams Executors, 6th Am. ed., bottom page 650, *et seq.*, and notes.

For error of the court in overruling the demurrer to the cross complaint, the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.